Robert T. WADE, Appellant,

v.

CITY OF GARLAND, Texas and Garland Civil Service Commission, Appellees.

No. 05–83–00424–CV.

Court of Appeals of Texas, Dallas.

May 3, 1984.

Rehearing Denied May 30, 1984.

Kennth A. Garner, Carl Luna, Garland, for appellant.

Charles M. Hinton, Jr., City Atty., City of Garland, Karen Hayes Brophy, Asst. City Atty., Garland, for appellees.

Before STEPHENS, VANCE and ALLEN, JJ.

STEPHENS, Justice.

This is an appeal from a summary judgment granted for the City of Garland and its Civil Service Commission against Robert T. Wade. The trial court found as a matter of law that since Wade had failed to properly invoke the jurisdiction of the Civil Service Commission, the commission's action was void, and thus an appeal from that action formed no basis to confer jurisdiction on the district court. The trial court granted the motion for summary judgment of the city and commission and denied Wade's motion for summary judgment on the merits. Wade contends in this court that the summary judgment was improper in that his notice of appeal to the commission was sufficient to invoke the district court's jurisdiction and that it, therefore, had jurisdiction of the trial de novo. We agree and reverse the judgment of the trial court and remand the cause to the trial court.

Wade, an Assistant Director of the Garland Police Department, was notified on June 8, 1982, that the Director of Garland Police Department had ordered that Wade be indefinitely suspended from the department. Wade appealed this action to the Garland Civil Service Commission by letter dated June 10, 1982. Later, on June 22, 1982, Wade sent a second letter as an amended appeal in more specific language. The commission rejected the second letter on the ground that there was no procedure for amended appeal. The commission considered his appeal based on the first letter, made specific findings regarding the charges against Wade and then ordered that Wade be suspended for a period of six months without pay.

Wade filed suit in district court to set aside the decision of the commission and for trial de novo seeking reinstatement with back pay and attorney fees. The city and the commission moved for summary judgment on the ground, among others, that the commission had no jurisdiction to hear the appeal. Wade also moved for summary judgment on the merits of his appeal. The trial court denied Wade's motion for summary judgment and granted the motion of the city and the commission.

The trial court found that Wade had failed to properly invoke the jurisdiction of the commission by following the appropriate statutory provisions of TEX. REV.CIV.STAT.ANN. art. 1269m, § 17 (Vernon Supp.1984) and that since the jurisdiction of the commission was never invoked, its action was void and formed no basis for conferral of jurisdiction on the trial court. Wade's letter of June 10, 1982, to the commission reads as follows:

Indefinite Suspension effective June 9, 1982

June 10, 1982

TO: Fred Rozell

Director
Garland Civil Service Commission
City of Garland, Texas
FROM: Robert T. Wade
1839 S. Glenbrook, Apt. 160
Garland, Tx 75040
SUBJECT: Request for Civil Service Hearing
This will service as filing an appeal of action statement of denial of the charges brought against me by J.C. Youngblood, Director of Police Services.
I respectfully request a hearing before the Garland Civil Service Commission pertaining to these charges.
Sincerely,
s/ Robert T. Wade
Robert T. Wade
Assistant Director of Police Services

Both the city and the commission contend that this letter was not in compliance with the statute which sets out the following requirements for appeal to the commission:

In order for a Fireman or Policeman to appeal to the Commission from any action for which an appeal or review is provided under the terms of this Act, it shall only be necessary for him to file within ten (10) days with the Commission an appeal setting forth the basis of his appeal. The appeal shall include a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of such charges, a statement alleging that the recommended action does not fit the offense or alleged offense, or any combination of the statements, and in addition, a request for a hearing by the Commission. TEX. REV.CIV.STAT.ANN. art. 1269m, § 17 (Vernon Supp.1984).

In essence, the city and the commission complain that the words "denial of charges brought against me," do not constitute denial of "the truth of the charge as made." In construing the statute, we are to apply the common and ordinary meaning to words, except words of art or words connected with a particular trade or subject matter, in keeping with the intention of the legislature. TEX.REV.CIV.STAT.ANN.

art. 10 (Vernon 1969); *Calvert v. Wilson Communications, Inc.*, 443 S.W.2d 419 (Tex.Civ.App.—Austin 1969), *rev'd on other grounds*, 450 S.W.2d 842 (Tex.1970). The statute provides that the fireman or policeman may appeal to the commission and that the appeal shall be on one or more of three grounds: denying the truth of the charges, excepting to the legal sufficiency of the charges, alleging that the recommended action does not fit the offense. Giving the ordinary meaning to the words "denial of charges against me," we conclude these words to be sufficient to constitute a denial of "the truth of the charges as made." It is presumed, according to TEX.REV.CIV.STAT.ANN. art. 5429b–2, § 3.01 (Vernon Supp.1984), that the legislature intended a just and reasonable result in enacting section 17 of article 1269m. We hold that substantial compliance with the statute is sufficient in perfecting appeal to the commission.

Wade also contends that the district court erred in not considering the supplemental appeal filed with the commission. Wade's pleadings, however, only allege the first letter; he did not complain in the trial court of the commission's rejection of his second letter as an amended appeal until he filed his motion for new trial. Furthermore, we need not presume that the trial court refused to consider the second letter because such was not necessary to support its judgment. City and commission urged, as only one of the bases for the first ground of their motion for summary judgment, that there is no provision in the act for any amendment or supplement to the required notice of appeal. While the judgment must be construed in light of the motion, it cannot be inferred that the motion was granted on that one basis alone. The judgment does not state that the court did not consider the grounds raised in the second letter. Nor does it state that the commission erred in not accepting the second letter as an amended appeal. We, therefore, need not reach this or appellant's other points of error on appeal.

We note in this case that the trial court, after finding that it was without jurisdiction of the case, nonetheless vacated the order of the commission, reinstated the prior order of indefinite suspension and denied Wade's motion for summary judgment. These actions were improper and could not have been taken by the trial court in the absence of jurisdiction. We, therefore, reinstate the order of the commission and remand the case to the trial court for trial de novo in the appeal of the commission's order. The judgment of the trial court is reversed and the cause is remanded to the trial court.