R. Marshall DOWNS, Appellant,

v.

CITY OF FORT WORTH, et al., Appellees.

No. 2-84-235-CV.

Court of Appeals of Texas, Fort Worth.

June 20, 1985.

Law Offices of Lane, Lane, Ware & Bays, Michael L. Ware, Fort Worth, for appellant.

Wade Adkins, City Atty., Daniel M. Tartaglia, Asst. City Atty., Fort Worth, for appellees.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

OPINION

BURDOCK, Justice.

This is an appeal by a police officer who was suspended pursuant to the Firemen's and Policemen's Civil Service Act (Act).[1]

We affirm.

R. Marshall Downs was indefinitely suspended on May 16, 1984, by the Chief of Police of the City of Fort Worth, Texas. Downs appealed the suspension to the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth (Commission) which affirmed the action of the police chief. Downs then filed an action under the Uniform Declaratory Judgments Act, TEX.REV.CIV.STAT.ANN. art. 2524–1 (Vernon 1965), seeking an interpretation of the Firemen's and Policemen's Civil Service Act and claiming that Downs sufficiently notified the Commission of his request to appeal to an independent third party hearing examiner. The District Court upheld the Commission's order suspending Downs indefinitely. The basic issue presented on appeal is whether an em-

ployee must make the election to appeal to the Commission or a third party hearing examiner within ten days after receiving notification of suspension.

Appellant, in three points of error, alleges that the trial court erred in ruling that:

1) appellant's letter of May 25, 1984, did not comply with sec. 17 of the Act;

2) appellant's election to have his appeal heard by a third party hearing examiner had to be made within ten days after receiving notice of the order of suspension; and

3) the Chief of Police's letter of May 16, 1984, was adequate to meet the requirements of sec. 16b(b) of the Act.

We shall first consider appellant's third point of error in which he alleges that the letter he received from Fort Worth Police Chief H.F. Hopkins was inadequate to comply with the requirements of sec. 16b. We disagree.

On May 16, 1984, Chief H.F. Hopkins caused to be served on Downs the following letter notifying him of his suspension:

Officer R.M. Downs
Identification No. 1538
Fort Worth Police Department
1000 Throckmorton Street
Fort Worth, Texas 76102

Officer Downs:

Effective May 16, 1984 you are suspended indefinitely from the Police Department of the City of Fort Worth.

Attached hereto is a copy of the written statement filed with the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth, giving the reasons for this suspension. You have ten (10) days after receipt of this order of suspension within which to submit a written appeal to the Firemen's and Policemen's Civil Service Commission in accordance with Section 16, Vernon's Annotated Civil Statutes, Article 1269m.

---

1. All references are to TEX.REV.CIV.STAT. ANN. art. 1269m (Vernon Supp.1985).

/s/ H.F. Hopkins
H.F. Hopkins
Chief of Police
HFH/DBG/mr
cc: Firemen's and Policemen's
 Civil Service Commission
 City of Fort Worth
 1000 Throckmorton Street
 Fort Worth, Texas 76102

Section 16b(b) provides in pertinent part: If the chief or head of a department suspends a person, the chief or head shall, not later than the 120th hour after the hour of suspension, file a written statement with the commission giving the reasons for the suspension, and shall immediately furnish a copy of the statement to the suspended officer or employee. The chief or department head shall deliver the copy in person to the suspended officer or employee. The order of *suspension shall inform the officer or employee that if he wishes to appeal, he must file a written appeal with the commission not later than the 10th day after the date on which the officer or employee receives a copy of the statement.*

█ The gist of appellant's contention is that the letter from Chief Hopkins did not further inform appellant of his option to have his appeal heard by an independent third party hearing examiner, as set forth in sec. 16c(a) of the Act. We fail to see how the letter from Chief Hopkins was inadequate to meet the notice requirements of sec. 16b(b). Section 17 of the Act sets forth the procedure for appeals before the Commission and is not included as part of sec. 16b(b). A plain reading of the statute reflects that nowhere is it required that the police chief notify a suspended employee of his right to a third party hearing examiner as set forth in sec. 16c(a) of the Act. Appellant's third point of error is overruled.

In his first point of error, appellant claims the trial court erred in concluding that the choice of having an independent third party hearing examiner hear an appeal pursuant to sec. 16c(a) of the Act, instead of the Commission, must be made in the appeal and filed within ten days from the date the employee receives a copy of the suspension.

Here, Downs' first letter simply informed the Commission he wished to appeal the suspension imposed by the Chief of Police. The letter is dated May 25, 1984, and was submitted within ten days as prescribed by sec. 16b(b). Downs' first letter is set forth below:

TO      Charlie Shappard
        Director  Civil  Service/Fort
        Worth
FROM    R.M. Downs
SUBJECT Appeal of Indefinite Suspension

Dear Mr. Shappard:

The purpose of this letter is to appeal the indefinite suspension given me by Chief Hopkins of the Police Department of the City of Fort Worth, Texas in accordance with Article 1269M, Tex. Rev.Civ.Stat.Anno.

The basis of my appeal are the facts as alleged are not wholly true, that the charges are not legally sufficient and that there is not just cause stated or in existence for my termination.

I herewith request a full, fair, and impartial hearing.

Respectfully,

/s/ R.M. Downs
R.M. Downs

After the expiration of ten days from the date notifying him of his suspension, Downs sent a second letter to the Commission. The second letter is similar to the first except for the additional language as follows:

TO      Charlie Shapard [sic]
        Director  Civil  Service/Ft.
        Worth
FROM    R.M. Downs
SUBJECT Appeal of Indefinite Suspension

Dear Mr. Shapard: [sic]

The purpose of this letter is to appeal the indefinite suspension given me by Chief Hopkins of the Police Department of the City of Fort Worth, Texas, in accordance with Article 1269M, Tex. Rev.Civ.Stat.Anno. The basis of my appeal are the facts as alleged are not wholly true, that the charges are not legally sufficient and that there is not just cause stated or in existence for my termination. I herewith request a fair and impartial hearing *by a third party hearing examiner.* [Emphasis supplied.]

Respectfully,

/s/ R.M. Downs

R.M. Downs

Both the City and the Commission contend this second letter was not in compliance with the statute which sets out the following requirement for a hearing by a third party examiner.

Sec. 16a. (a) In a city having a population of less than 1,500,000 according to the most recent federal census, in an appeal of an indefinite suspension, a suspension, a promotional passover, or a recommended demotion, the appealing employee may elect to appeal to an independent third party hearing examiner instead of to the commission. To exercise this choice, the appealing employee must submit a letter to the director stating his decision to appeal to an independent third party hearing examiner.

Although sec. 16c(a) makes no mention that the choice of a hearing before a third party hearing examiner must be made within ten days after receipt of the notice of suspension, the trial court found that failure to make such a designation within that time period constitutes a waiver.

Downs relies on *Wade v. City of Garland,* 671 S.W.2d 657 (Tex.App.—Dallas 1984, no writ), to support his position that his first letter or both letters, written after the ten day appeal period had expired, con-stitute substantial compliance with the statute. We disagree. The court's holding in *Wade* must be considered in light of the ruling in *City of Plano Firefighters' and Police Officers' Civil Service Commission v. Maxam,* 685 S.W.2d 125 (Tex.App.—Dallas 1985, no writ). Both *Wade* and *Plano* deal with the sufficiency of notice of appeal as prescribed in sec. 17 of the Act. Downs' assertion that the court relied on sec. 17 of the Act to reach its conclusions of law is not supported by the record. This is an issue of deadlines and not one of substantive pleadings.

■ A reading of sec. 16b(b) reveals that the officer *must* file a written appeal within ten days. Once this is done, a reading of the entire Act reflects a definite timetable to quickly resolve these disputes. The clear meaning of secs. 16b(b), 16c(a), and 17 is that these time limits must be closely followed. The language of the Act is mandatory and not permissive in nature. If a judgment were granted in contravention of a mandatory statutory provision it would be a void judgment. *Gayle v. Alexander,* 75 S.W.2d 706, 708 (Tex.Civ.App.—Waco 1934, no writ). We therefore hold that secs. 16b and 17 of the Act are mandatory in nature and any change of Downs' choice of a hearing forum must have been made prior to the expiration of the ten days allowed to appeal the suspension. To accept Downs' position that the choice of hearings can be made at any time would run afoul of the deadlines set forth in the Act. Point of error one is overruled.

In his second point of error, Downs alleges that the Act does not require the election of a third party hearing examiner to be made within ten days after receiving notice of the suspension. Downs asserts that sec. 16c(a) is silent as to when the choice between a hearing by the Commission and hearing by a third party hearing examiner must be made once an appeal has been perfected. However, a close reading of the remainder of sec. 16c reveals a statutory scheme whereby a hearing examiner is se-

lected and the hearing must commence within forty-five days after his selection.

A reading of sec. 16c(a) clearly puts the burden on the suspended employee to decide which forum will hear his appeal. We do not find that Downs had to decide who would hear his case at the time he made his appeal, but we do find that this decision had to be made within ten days of receipt of the notice of suspension to avoid unduly delaying the proceedings. To accept Downs' interpretation of this provision would have the effect of unduly delaying the administration of justice. Appellant's second point of error is overruled.

The judgment is affirmed.