Ben BLAIR, in His Official Capacity as Civil Service Director of the City of Tyler, Texas, and the City of Tyler, Texas, Appellants,

v.

Richard RAZIS, Mike McCarty, and Allan Crosby, et al., Appellees.

No. 12–94–00318–CV.

Court of Appeals of Texas,
Tyler.

May 31, 1996.

Rehearing Overruled July 31, 1996.

Gary Landers, Tyler, for appellant.

Christian J. Gross, Tyler, for appellee.

HOLCOMB, Justice.

Ben Blair, Director of Tyler's Civil Service Commission, and the City of Tyler, appeal the trial court's judgment upholding the constitutionality of Section 143.057 of the Texas Local Government Code.[1] They also appeal the court's order issuing a writ of mandamus directing the City to comply with the statute in the selection of a hearing examiner. In three points of error, the City complains that the court erred when it: 1) failed to find that the statutory terms "qualified" and "neutral" are unconstitutionally vague and ambiguous; 2) held that section 143.057 was constitutional and granted the writ of mandamus; and, 3) failed to conclude, as a matter of law, that the hearing examiners must follow Texas case law precedent the same as the Civil Service Commission must do. We will **modify** the judgment of the trial court, and as **modified, we will affirm.** *See* Tex.R.App. P. 80.

The underlying controversy arose when the City suspended Tyler Police Officers Mike McCarty, Justin Burrage, and Richard Razis for an indefinite period of time and did not promote Tyler Police Officer Allan Crosby.[2] The City of Tyler is subject to the state

1. Ben Blair and the City of Tyler will be referred to collectively as "the City."

2. Mike McCarty, Justin Burrage, Richard Razis and Allan McCarty will be referred to as "Appellees."

civil service law. The state civil service law provides two options in which a dissatisfied police officer can appeal an employment dispute. One option allows the employee to appeal to the City Civil Service Commission. The other option allows the employee to appeal to a third party independent hearing examiner under Section 143.057 which requires a "neutral" examiner to arbitrate the dispute between the parties. It further requires that the parties must make an attempt to agree on the selection of an impartial hearing examiner. If a hearing examiner is not mutually selected, the Director of Civil Service requests a list of seven "qualified neutral" arbitrators from either the American Arbitration Association ("AAA") or the Federal Mediation Conciliation Service ("FMCS"). As pointed out by the City, the statute does not specifically define the terms "qualified" and "neutral." Furthermore, upon receiving the list of potential hearing examiners, the parties must alternately strike a name from the list. Thus, each party strikes three names from the list of seven, and the one name left on the list is the hearing examiner. Because of this procedure, the party who makes the last strike in effect selects the hearing examiner.

Pursuant to Section 143.057, Appellees elected to appeal the City's termination and promotion decisions to an independent hearing examiner. TEX. LOC. GOV'T CODE ANN. § 143.057(d) (Vernon 1988). However, the City refused to proceed with the hearings based upon its belief that the statutory option to appeal to a third party hearing examiner was unconstitutional.

Appellees filed an action for declaratory relief and a mandamus asking the court to compel the City to abide by the procedure set out in the statute. In its answer, the City challenged the constitutionality of the statute. The State of Texas, through the Attorney General's office, intervened in support of the constitutionality of the statute.

Prior to trial, all parties entered into a written stipulation of facts and evidence, which was reviewed by the court. Subsequently, the court found that the statute was constitutional and rendered declaratory judgment and writ of mandamus in favor of Appellees.

■ In considering the City's first point, we must determine whether the terms "qualified" and "neutral" that are used in section 143.057 are unconstitutionally vague or ambiguous. TEX. LOC. GOV'T CODE ANN. § 143.057(d) (Vernon 1988).[3]

The City argues that the terms "qualified" and "neutral" are not defined in section 143.057. It points out that the legislature gave specific, "non-ordinary" definitions to the same terms in other parts of the same statute. Accordingly, the City reasons that the legislature must have intended a specific, statutory, "non-common" usage of the words as it did in other aspects of the Civil Service statutes. In addition, the City maintains that a hearing examiner cannot be neutral because the examiner will always be on the side of the employee. An appealing employee is the only person that has the option to choose a third party hearing examiner; therefore, the City concludes that hearing examiners are not likely to be impartial because they have a future financial interest in satisfying appealing employees. We do not agree.

■ Here, we are asked to determine the constitutionality of section 143.057 of the

---

3. Section 143.057(d) provides in pertinent part:

If the appealing fire fighter or police officer chooses to appeal to a hearing examiner, the fire fighter or police officer and the department head, or their designees, shall first attempt to agree on the selection of an *impartial hearing examiner.* If the parties do not agree on the selection of a hearing examiner on or within 10 days after the date the appeal is filed, the director shall immediately request a list of seven qualified neutral arbitrators from the American Arbitration Association (AAA) or the Federal Mediation and Conciliation Service (FMCS), or their successors in function. The fire fighter or police officer and the department head, or their designees, may agree on one of the seven neutral arbitrators on the list. If they do not agree within five working days after the date they received the list, each party or the party's designee shall alternate striking a name from the list and the name remaining is the hearing examiner. The parties or their designees shall agree on a later date for the hearing. TEX. LOC. GOV'T CODE ANN. § 143.057(d) (Vernon 1988). (Emphasis added).

Texas Local Government Code. When the constitutionality of a statute is at issue, the reviewing court is guided by Article 311.021 of the Texas Code Construction Act. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990) (original proceeding); *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex. 1983). This section provides:

In enacting a statute, it is presumed that:
1) compliance with the constitutions of this state and the United States is intended;
2) the entire statute is intended to be effective;
3) a just and reasonable result is intended;
4) a result feasible of execution is intended; and
5) public interest is favored over any private interest.

TEX. GOV'T CODE ANN. art. 311.021 (Vernon 1995). A statute is presumed to be constitutional and all doubts will be resolved in favor of the statute's constitutionality. *Brady,* 795 S.W.2d at 715. If it is possible to give a reasonable interpretation to the language in the statute, we must construe the statute in a manner that renders it constitutional. *Id.* Therefore, we must determine whether the terms "qualified" and "neutral" are unconstitutionally vague as used in the statute.

■ Unless a word has some unique meaning in trade or industry, a word must be given its ordinary meaning. TEX. GOV'T CODE ANN. § 312.002 (Vernon 1988); *State v. City of Austin,* 160 Tex. 348, 331 S.W.2d 737, 745–46 (1960). When a word is not otherwise defined in a statute, the court must attempt to ascertain the legislature's intention from the language used. *Beef Cattle Co. v. N.K. Parrish, Inc.,* 553 S.W.2d 220, 222 (Tex.Civ. App.—Amarillo 1977, no writ). We are not free to formulate some forced or strained definitions for statutory terms. *Railroad Commission v. Miller,* 434 S.W.2d 670, 672 (Tex.1968). A vagueness challenge to a statute will be upheld only when the act is impermissibly vague in all of its applications. *Lear v. State,* 753 S.W.2d 737, 739 (Tex. App.—Austin 1988, no writ). There must be a complete absence of a standard of conduct to prevail on a vagueness challenge. *Id. See also Coates v. City of Cincinnati,* 402 U.S.

611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971).

The term "qualified" is defined as "adapted; fitted; entitled; susceptible; capable...." BLACK'S LAW DICTIONARY 1116 (5th ed.1979). In ordinary usage, "qualified" is defined as "having complied with specific requirements." WEBSTER'S NEW COLLEGIATE DICTIONARY 963 (9th ed.1984). A plain reading of the Act indicates that the legislature's intent in providing these modifiers was to ensure that a capable person was selected as a third party hearing examiner.

The term "neutral" is defined as "indifferent; impartial; not engaged on either side...." BLACK'S LAW DICTIONARY 939 (5th ed.1979). Again, in common usage, the term is defined as "not engaged on either side ... aligned with a political or ideological grouping." WEBSTER'S NEW COLLEGIATE DICTIONARY 795 (9th ed.1984). Comparing the dictionary definitions in both legal and common contexts, we find no distinction between the terms. Therefore, we conclude that the words "qualified" and "neutral" have commonly understood meanings and are not vague or indefinite in the context of the statute. The statute gives the City sufficient means to resolve any concern that it may have about a hearing examiner because the statute allows each party to strike a person from the list and challenge the persons' qualifications or neutrality. We are also not swayed by the City's argument that Section 143.057(d) is unconstitutional because it provides the aggrieved employee the option to choose a hearing examiner who is unlikely to be impartial because *only* the employee can elect to appear before the examiner. Historically, under the Civil Service statutes, the City has never had the right to appeal any decision to the Civil Service Commission, only the employee had such rights.

In addition, the City has the burden to show that a statute is unconstitutional. *Texas Public Building Authority v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985) (orig.proceeding). At trial, the City failed to present any evidence that hearing examiners are more apt to rule in favor of the employee than the Civil Service Commission. We conclude that the trial court did not err when it failed to

find that the terms "qualified" and "neutral" as used in Section 143.057 are vague and ambiguous. TEX. LOC. GOV'T CODE § 143.057(d) (Vernon 1988). The City's first point is overruled.

■ In its second point, the City contends that the trial court .erred when it issued a writ of mandamus ordering the City to follow the procedure set out in the statute. The City argues that for Appellees to obtain a writ of mandamus, Appellees must prove each element of their cause of action, disprove every defensive matter raised by the City, and must affirmatively prove that the City is legally bound to perform the duty sought to be enforced by mandamus. The City contends that Appellees are not entitled to a writ of mandamus for two reasons: 1) Appellees cannot establish that the City has a clear and unmistakable duty to strike names when the terms "qualified" and "neutral" are not specifically defined; and 2) striking any name from the list of "qualified neutral arbitrators" is an inherently discretionary act and not subject to enforcement by mandamus. We disagree.

■ As previously stated, all statutes are presumed to be constitutional. *Texas National Guard v. McCraw,* 132 Tex. 613, 126 S.W.2d 627, 634 (1939). Although a defendant has the right to challenge the constitutionality of the law by way of affirmative defense, the burden is on the defendant to prove that the statute is unconstitutional. *Glass v. Smith,* 150 Tex. 632, 244 S.W.2d 645, 653 (1951); *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). In the previous point, we held that the terms "qualified" and "neutral" have commonly understood meanings and are not unconstitutionally vague or indefinite in the context of the statute. Therefore, we disagree with the City's position that Appellees failed to prove that the City had a clear and unmistakable duty to strike names from the hearing examiner list.

■ However, the City also contends that the statute is vague because it does not designate which of the parties makes the first strike from the list of names provided by the FMCS or the AAA.[4] The City main-

tains that the party who makes the second strike gains a significant advantage because that party eventually chooses the hearing examiner from the last two names left on the list. The City also contends that the trial court erred when it issued a mandamus because the court, in essence, gave the employees the advantage of making the last strike.

Although we recognize that there may be an inherent weakness in the statute, we hold that the statute is not unconstitutional because it fails to state which of the parties makes the first strike. When the statute is considered as a whole, it has other safeguards for the City and provides a meaningful alternative to an aggrieved employee. Initially, an appealing employee may choose to have the employment complaint heard by the Civil Service Commission and subsequently participate in a trial *de novo* in the district court, or the employee may have the complaint arbitrated by a hearing examiner as provided in section 143.057. If the aggrieved employee elects to have his case heard by a hearing examiner, the employee gives up his right to appeal *de novo* to the district court as well as his right to a jury trial. Giving the employee an option of forum in which an appeal can be resolved saves time and expense for both the employee and the City. However, the members of the Civil Service Board are appointed by the City, which the employee is likely to perceive to be an inherent weakness in the statute that is biased in favor of the City. When the statute is considered as a whole, it provides an adequate and expeditious remedy for the employee as well as the municipality to resolve an employment dispute. Although the statute does not define the term "qualified neutral examiner" and fails to designate which party makes the first strike from one list of examiners, we hold that the statute is constitutional. We also hold that the provisions set out in section 143.057 are mandatory and not directory. *See Downs v. City of Fort Worth,* 692 S.W.2d 209, 212 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Therefore, the trial court did not err when it found that the City had a duty to participate in the selection process in accordance with the statute and

---

4. At oral argument it was pointed out that this is generally solved by a flip of a coin.

issued a writ of mandamus. Point of error number two is overruled.

The City's third point of error presents a knottier problem. The City maintains that the trial court erred when it refused to find, as a matter of law, that the hearing examiners referred to in section 143.057 have the same authority and obligations to follow Texas case law precedent as does the Civil Service Commission. Without such a conclusion, the City argues that the competing interests affected by this statute are not balanced, which results in an impermissible delegation of authority by the Legislature to these third-party hearing examiners. We agree.

Appellees' "First Amended Petition for Declaratory Judgment and Writ of Mandamus" stated that "jurisdiction exists under 37.001, *et seq.*, TEX. CIV. PRAC. & REM.CODE, Uniform Declaratory Judgments Act, in that a real case and controversy exists regarding the constitutionality of Section 143.057, TEX. LOC. GOV'T CODE." Further in their petition Appellees state: "plaintiff asked this court to declare the relative rights, duties and obligations of the parties pursuant to Section 143.057 Texas Local Government Code." By their pleadings, Appellees invoked the Texas Declaratory Judgment Act and gave the court the authority to completely declare the rights and duties of the parties under section 143.057 of the Texas Local Government Code.

In paragraph (f) of section 143.057, the Code provides that the hearing examiner has the same *duties* and powers as the Civil Service Commission. TEX. LOC. GOV'T CODE ANN. § 143.057(f) (Vernon 1988). In paragraph (j), the Code provides that "the district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was *without jurisdiction* or *exceeded its jurisdiction* or that the order was procured by fraud, collusion *or other unlawful means.*" (Emphasis ours). TEX. LOC. GOV'T CODE ANN. § 143.057(j) (Vernon 1988). Unless the hearing examiner is bound by the same precedent and authority as the Civil Service Commission and the state courts, the statute would permit an impermissible delegation of authority to the hear-

ing examiner and the duties and powers provision of section 143.057(j) would have no effective meaning. Accordingly, the City's third point is granted and the judgment of the trial court is reformed to add the following conclusions of law:

(12) The hearing examiners referred to in section 143.057, TEX. LOC. GOV'T CODE have the same authority and obligations as the Civil Service Commission.

(13) The hearing examiners referred to in section 143.057, TEX. LOC. GOV'T CODE have the same obligation to follow precedent Texas court case law as a Civil Service Commission.

The judgment of the trial court is **affirmed as modified.** The costs are assessed against the City.