**Charles A. GULDEN and Richard R. Sage, Plaintiffs-Appellants,**

v.

**Monroe McCORKLE and George Dickerson, Defendants-Appellees.**

No. 81–1518.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1982.

Kenneth H. Molberg, Dallas, Tex., for plaintiffs-appellants.

Lee E. Holt, City Atty., Joseph G. Werner, Asst. City Atty., Dallas, Tex., for defendants-appellees.

ON SUGGESTION FOR REHEARING EN BANC

(Opinion July 21, 1982, 5 Cir., 1982, 680 F.2d 1070).

Before CLARK, Chief Judge, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for rehearing en banc is DENIED.

The appellants' suggestion for rehearing en banc suggests that the appellants have misunderstood the opinion rendered in this case. That opinion does *not* answer the question whether, when a public employee is asked a potentially incriminating question, there must be an affirmative grant of immunity. That question is specifically reserved. Reference is made to the penultimate paragraph under Part II of the opinion, which begins "Moreover...," and particularly to the part of that paragraph reading as follows:

> Had Gulden or Sage responded to the request to appear for the polygraph exam and been faced with questions which they, for reasons of self-incrimination, refused to answer, their refusals to answer, absent some assurance that their compelled answers could not be used against them, would be supported by the holdings of these circuit decisions. We, however, decline to answer the highly speculative question whether an affirmative grant of immunity might, *at some point*, be necessary under controlling Supreme Court authority. The facts before us do not indicate even the existence of a particularized, specific inquiry in which questions of immunity could be properly framed.[11] We further decline to promulgate the rule, urged upon us by Gulden and Sage, that would allow an employee, before he or she is required to respond to any questions, to circumvent an investigatory proceeding by claiming generalized fifth amendment concerns prior to the time those concerns have been developed in a particularized context.

Reference is also made to the following portion of the last paragraph under Part II:

> Moreover, because the inquiry had not advanced to a level of specificity in which the competing concerns of immunity could be properly addressed, no affirmative duty (if any such duty may ever be found) had devolved upon the employer to advise Gulden and Sage that immunity was available. Gulden and Sage were told only that they must take the polygraph exams to retain employment. This was a permissible requirement.