685 S.W.2d 125 (1985)
CITY OF PLANO FIREFIGHTERS' AND POLICE OFFICERS' CIVIL SERVICE COMMISSION and the City of Plano, Appellants,
v.
Cynthia MAXAM, Appellee.
No. 05-84-00420-CV.
Court of Appeals of Texas, Dallas.
January 16, 1985.
Rehearing Denied February 13, 1985.
*126 Ernest E. Figari, Jr., A. Erin Dwyer, Johnson & Swanson, Dallas, for appellants.
Joseph R. Gilbreath, Gilbreath & Zaney, Austin, for appellee.
Before STEPHENS, WHITHAM and GUILLOT, JJ.
WHITHAM, Justice.
This appeal arises under the Firemen's and Policemen's Civil Service Law, TEX. REV.CIV.STAT.ANN. art. 1269m (Vernon 1963 & Vernon Supp.1984). Appellee, Cynthia Maxam, was indefinitely suspended by the chief of police of appellant, City of Plano, Texas. The appellant, the City of Plano Firefighters' and Police Officers' Civil Service Commission, concluded that no appeal to it had been properly perfected by Maxam and took no further action. Maxam sought and obtained a writ of mandamus from the district court ordering Maxam's reinstatement as a Plano police officer with back pay and benefits. The trial court also awarded Maxam attorney's fees. We conclude that Maxam was not entitled to the writ of mandamus. Accordingly, we reverse and render and vacate and set aside the writ of mandamus.
The parties stipulated the facts. Maxam is a resident of Collin County, Texas. The City of Plano Firefighters' and Police Officers' Civil Service Commission is the duly constituted Civil Service Commission for the city established pursuant to article 1269m. The city is an incorporated municipality located in Collin County, Texas. On July 7, 1982, Maxam was employed as a police officer with the Plano Police Department. On or before July 7, 1982, Maxam had completed her probationary employment as a police officer and had become a full-fledged civil service employee entitled to civil service protection under section 12 of article 1269m. On July 7, 1982, the police chief of the Plano police department indefinitely suspended Maxam from the police department as a result of alleged acts or conduct by Maxam in violation of section 16 of the rules and regulations duly adopted by the commission. A written order of suspension, which advised Maxam of her rights of appeal under article 1269m, was personally served on Maxam by the police chief. Within one hundred and twenty (120) hours after Maxam was suspended, the police chief, pursuant to section 16 of article 1269m, filed a written statement with the commission which specifically pointed out (1) the civil service rules alleged to have been violated by Maxam and (2) the alleged acts of Maxam, all occurring within the preceding six months, which constituted violations of the civil service rules. Immediately thereafter, a copy of such written statement was personally delivered by the police chief to Maxam. On July 12, 1982, Maxam's attorney sent the Commission the following letter dated July 9, 1982.
This is to advise you that I represent Cynthia Maxam in her recent indefinite suspension from the City of Plano Police Department effective July 7, 1982. Officer Maxam was indefinitely suspended by order of the Chief of Police, James McCarley, based upon the conclusion that *127 Officer Maxam is in violation of two rules and regulations. The alleged violations of the rules and regulations occurred on or about April 5, 1982, in Plano, Texas.
Specifically, the order of suspension cites that Officer Maxam is in violation of the Rules and Regulations of the Commission, II, Section 16 Subsections 8 and 15; and Rules and Regulations of the Police Department, Rule No. 215. Basically, Officer Maxam has been indefinitely suspended for conduct prejudicial to good order, violation of rules and regulations of the Police Department, and conduct unbecoming an officer.
Please accept this letter as notification to your office that Officer Maxam wishes to appeal this indefinite suspension and request a trial board hearing before the Civil Service Commission pertaining to the allegations made against her.
Please notify my office at the address listed above of the date and time and place of the hearing once this has been arranged.
The letter was delivered to and received by the commission within ten days of the order of indefinite suspension. No other written letter, correspondence, or notification was sent to the commission by Maxam or her attorney within such ten day period. On July 22, 1982, the attorney representing the city, sent a letter to the commission requesting it to dismiss any purported appeal by Maxam of her suspension. On July 28, 1982, the commission held a public hearing to consider the request made by the city's attorney. After hearing argument from attorneys representing both Maxam and the city and after reviewing the July 9, 1982, letter, the commission concluded that the letter did not meet the requirements of section 17 of article 1269m and that no appeal had been properly perfected by Maxam. Within ten days of the decision by the commission, Maxam filed the present action seeking the relief requested in her plaintiff's original petition and petition for writ of mandamus.
The controversy centers on that part of article 1269m, section seventeen, which reads:
In order for a Fireman or Policeman to appeal to the Commission from any action for which an appeal or review is provided under the terms of this Act, it shall only be necessary for him to file within ten (10) days with the Commission an appeal setting forth the basis of his appeal. The appeal shall include a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of such charges, a statement alleging that the recommended action does not fit the offense or alleged offense, or any combination of the statements, and in addition, a request for a hearing by the Commission.
The issue is whether Maxam's letter notifying the commission that she "wishes to appeal this indefinite suspension and request a trial boarded hearing" meets the requirements of section seventeen that "[t]he appeal shall include" at least one of the specified statements. The required statements are (1) denying the truth of the charge as made, (2) taking exception to the legal sufficiency of such charges and (3) alleging that the recommended action does not fit the offense or alleged offense. We conclude that Maxam's letter fails to meet the requirements of section seventeen. We reach this conclusion because the letter does not contain any one of the three required statements. To the contrary, Maxam's letter does no more than advise the commission that she "wishes to appeal." We hold, therefore, that "wishing to appeal" is not substantial compliance with the requirements of article 1269m, section seventeen. See Wade v. City of Garland, 671 S.W.2d 657 No. 83-00424 (Tex.App.  Dallas 1984, no writ), in which we held a police officer's letter stating "[t]his will service [sic] as filing an appeal of action statement of denial of the charges brought against me by [the police chief]" constituted substantial compliance with article 1269m, section seventeen. It follows, and we so hold, that Maxam failed to meet the requirements of article 1269m, section seventeen, *128 necessary in order to appeal to the commission.
Next, we consider the trial court's remedy of mandamus. The legislature enacted article 1269m to prescribe the procedure to be followed upon the suspension of a policeman. Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284, 285 (1959). The full performance of all conditions established by the civil service laws is an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer. City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620, 622 (1950) (construction of article 1269m). By failing to include at least one of the three statements required by article 1269m, section seventeen, in the letter of June 9, 1982, we conclude that Maxam failed to perform a condition established by article 1269m. We hold, therefore, that the Commission had no jurisdiction over Maxam's indefinite suspension. When the controlling questions concern the scope of the statutory power of the administrative agency and the meaning of statutory provisions, then the questions are judicial rather than administrative. Carver, 321 S.W.2d at 287. Therefore, in a situation presenting those questions arising under article 1269m, mandamus is a proper remedy. 321 S.W.2d at 287. The trial court in the present case granted the writ of mandamus. Thus, we must decide whether the trial court erred in doing so.
In their seventh point of error, the city and the commission contend that there is no evidence supporting the trial court's judgment. The city and the commission argue that "there is no evidence to support the judgment of reinstatement, with its built-in presupposition that the order of suspension was unjustified." In deciding a "no evidence" point, the appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.1965).
The trial court in the present case found in its judgment that:
[T]he [city and the commission] have a legal duty to comply with Article 1269m relating to appeals of indefinite suspensions of police officers employed by municipalities; that [Maxam's] Notice of Appeal was timely made and complied with Article 1269m.
Thus, the trial court grounded the issuance of the writ of mandamus upon a determination that the commission had jurisdiction of Maxam's appeal and that the commission had refused to act under the statute. In light of our holding that the commission had no jurisdiction over Maxam's indefinite suspension, we conclude that there is no evidence of probative value to support the trial court's findings. Consequently, we must sustain the seventh point of error. Accordingly, we conclude that the trial court erred in granting the writ of mandamus.
We reverse the judgment of the trial court and we render judgment that Maxam take nothing against the city and the commission. We vacate and set aside the trial court's writ of mandamus commanding the city and the commission immediately to reinstate Maxam and make payment of full back pay and benefits. All costs in the trial court and in this court are taxed against Maxam.