725 S.W.2d 431 (1987)
FIREFIGHTERS' AND POLICE OFFICERS' CIVIL SERVICE COMMISSION OF the CITY OF HOUSTON, et al., Appellants,
v.
Ronnie CEAZER, Appellee.
No. B14-86-269CV.
Court of Appeals of Texas, Houston (14th Dist.).
January 29, 1987.
Rehearing Denied February 26, 1987.
*432 Jerry Smith, City Atty., Brenda Loudermilk, Asst. City Atty., Houston, for appellants.
Gene Jones, Houston, for appellee.
Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION
SEARS, Justice.
This is an appeal from a writ of mandamus ordering appellants to reinstate appellee as an employee of the Houston Fire Department. The appeal arises under the Firemen's and Policemen's Civil Service Act. Tex.Rev.Civ.Stat.Ann. art. 1269m (Vernon 1963 and Vernon Supp.1986). Appellants are the Firefighters' and Police Officers' Civil Service Commission (Commission); the City of Houston; Kathryn J. Whitmire, Mayor; Carol A. Parmer, Director of the Personnel Department; and Robert L. Clayton, Chief of the Fire Department. We vacate and set aside the Writ of Mandamus.
Prior to November 5, 1985, Ronnie Ceazer (appellee) was a permanent employee of the Fire Department and entitled to civil service protection under section 12 of article 1269m. On that date, Fire Chief Robert L. Clayton notified Ceazer by letter that he was indefinitely suspended from the Department due to acts and conduct which violated rules of both the Commission and the Department. The letter of suspension advised Ceazer of his right of appeal either to the Commission or to an independent hearing examiner. Ceazer's attorney appealed the suspension to the Commission by letter of November 15, 1986, which read as follows:
Please be advised that this letter constitutes notice of appeal in connection with the above named employee's indefinite suspension, which suspension was handed down on November 5, 1985, by Fire Chief Robert L. Clayton.
Please notify this office when a date and time for the hearing of this appeal has been set.
By letter of November 26, 1985, Ceazer's attorney notified the Commission that he elected to have his appeal heard by an independent third party hearing examiner, pursuant to section 16c of article 1269m, instead of by the Commission. However, by memorandum dated December 5, 1985, Robert E. Reyna, Assistant City Attorney, advised the Commission that Ceazer's election should be denied as it was not timely requested. Nevertheless, following the policy established in a prior late request for a hearing examiner, the Commission agreed to Ceazer's late request and, rather than set a hearing on his appeal, it proceeded to select a hearing examiner per his request.
On January 2, 1986, Ceazer's attorney delivered a letter to Carol Parmer, Director of the City Personnel Department, demanding reinstatement of his client because the Commission had not held a hearing within 30 days from the original notice of appeal. At no time prior to January 2nd had Ceazer responded to the Reyna memo and/or withdrawn his request for a hearing examiner. On January 9, 1986, Ceazer filed his petition for a writ of mandamus compelling his reinstatement. On January 15th, Ceazer's attorney again wrote demanding reinstatement. At that time he noted that, according to the Reyna memo, his client had waived his right to a hearing examiner by failing to make a timely demand. Ceazer concluded that since he had no right to a hearing examiner, his only recourse was by an appeal hearing. Further, since the hearing was not held within the required period of time, Ceazer had a right to reinstatement. The Commission refused to reinstate Ceazer, and a hearing was held on his writ of mandamus on February 12, 1986. The district court granted the writ and ordered reinstatement. Appellants filed a plea to the jurisdiction, which the trial court denied, and they appealed the order of reinstatement.
Appellants' first point of error challenges the trial court's denial of their plea to the jurisdiction. Appellants argue that Ceazer's notice of appeal to the Commission failed as a matter of law to invoke the Commission's jurisdiction; thus, the trial *433 court was without jurisdiction to order reinstatement.
Jurisdiction of the trial court to issue an order reinstating Ceazer is predicated on Ceazer's having properly invoked the jurisdiction of the Commission. If he failed to do so, then the Commission never had the authority or the legal duty under article 1269m to hold a hearing within 30 days of notice of Ceazer's appeal. Section 17 of the article sets forth the appeal procedure and states in part:
In order for a Fireman or Policeman to appeal to the Commission from any action for which an appeal or review is provided under the terms of this Act, it shall only be necessary for him to file within ten (10) days with the Commission an appeal setting forth the basis of his appeal. The appeal shall include a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of such charges, a statement alleging that the recommended action does not fit the offense or alleged offense, or any combination of the statements, and in addition, a request for a hearing by the Commission. (emphasis added).
(Vernon Supp.1986). Although Ceazer timely filed his appeal, it did not include the following: (1) a statement denying the truth of the charge; (2) a statement taking exception to the legal sufficiency of the charges; or (3) a statement alleging that the recommended action did not fit the offense or alleged offense. Ceazer's letter merely advised the Commission that he was appealing his suspension. As such, the letter did not meet the requirements of section 17, and, therefore, the appeal was not perfected.
In City of Plano Firefighters' and Police Officers' Civil Service Commission v. Maxam, 685 S.W.2d 125 (Tex.App.-Dallas 1985, writ ref'd n.r.e.), the appeal letter of the terminated employee contained the following language:
Please accept this letter as notification to your office that Officer Maxam wishes to appeal this indefinite suspension and request a trial board hearing before the Civil Service Commission pertaining to the allegations made against her.
The Dallas Court of Appeals concluded that the letter failed to meet the requirements of section 17 because it did not contain any of the three required statements. In response to Maxam's contention of compliance the court wrote, "To the contrary, Maxam's letter does no more than advise the commission that she `wishes to appeal.' We hold, therefore, that `wishing to appeal' is not substantial compliance with the requirements of article 1269m, section seventeen." Id. at 127. That court further held that the full performance of all conditions established by the civil service laws was an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer. Maxam, 658 S.W.2d at 128, citing City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620, 622 (1950).
By failing to include in his appeal letter the statements required by section 17, Ceazer failed to perform a condition precedent as established by article 1269m. He has simply failed to invoke the Commission's jurisdiction over the suspension. In the absence of jurisdiction, the Commission had no duty to hold a hearing within 30 days and Ceazer had no right to reinstatement. Before being entitled to the issuance of a writ of mandamus, a petitioner must establish both a clear right to such relief and a clear duty on the part of the Commission to act. Amarillo Civil Service Commission v. Vitatoe, 556 S.W.2d 648, 649 (Tex.Civ.App.-Eastland 1977, no writ).
Ceazer attempts to distinguish the Maxam case by noting that upon receipt of a "deficient" notice, the City of Plano Firefighters' and Police Officers' Civil Service Commission held a hearing to determine whether the notice met the section 17 requirements. No such hearing was held in this case. However, we hold that article 1269m does not require that such a hearing be conducted. We find the trial court erred in issuing the Writ of Mandamus and we sustain appellants' point of error.
*434 Ceazer raises two cross-points of error on appeal and contends that if the case is reversed, it should be remanded to the trial court for further proceedings. He argues that the trial court erred in overruling appellants' plea to the jurisdiction without holding a hearing because it prevented him from offering evidence on (1) the constitutionality of section 17 and (2) the Commission's waiver of that section. We note that the issues of constitutionality and/or waiver of section 17 were not issues before the trial court. Ceazer did not raise them in his writ of mandamus or in any other pleadings. Further, he failed to request any evidentiary hearing regarding these issues. However, in light of our holding that the trial court was without jurisdiction due to Ceazer's failure to comply with procedural requirements, we overrule the cross-points of error.
The orders of the trial court are reversed and the Writ of Mandamus is set aside and vacated.