**CITY OF TEMPLE FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION, et al., Appellants,**

v.

**Leo Max BENDER, Appellee.**

**No. 3-89-023-CV.**

Court of Appeals of Texas, Austin.

Jan. 17, 1990.

Rehearing Denied Feb. 14, 1990.

Douglas M. Becker, Gray & Becker, P.C., Austin, for appellants.

Bill Bachus, Tarver, Bachus & Blythe, Temple, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

Appellants City of Temple Firemen's and Policemen's Civil Service Commission and the City of Temple seek to set aside the judgment of the district court of Bell County ordering a writ of mandamus to issue. The question in district court, and here, is whether appellee Leo Max Bender invoked the jurisdiction of the Commission by filing an "appeal" from his suspension from the Temple Police Department. The district court concluded that the Commission had jurisdiction and ordered a writ to issue commanding the Commission to convene a hearing to determine the merits of appellee's indefinite suspension. This Court will affirm the judgment.

On October 13, 1987, the Temple Chief of Police "indefinitely" suspended Sergeant Leo Max Bender for reasons not presently important. On October 20, 1987, appellee's counsel served upon the Commission appellee's "appeal" of his suspension, worded as follows:

CERTIFIED, RETURN
RECEIPT REQUESTED
Civil Service Commission
City of Temple
Temple, Texas 76501
 RE: Indefinite suspension of
 Sgt. Leo Max Bender.
Dear Commissioners:
In accordance with Article 1269m, V.T.C.S., this letter is to notify you that I am, on behalf of the above named police officer, appealing his indefinite suspension by the Chief of Police, to your commission. I have been retained by Sgt. Bender to represent him at the Commission hearing, which I would request you set sometime after the first week in November, as I will be in trial in District Court the first week of November.
Please notify me when this matter is set for hearing before you.
Thank you for your consideration in this matter.

On October 28, 1987, the City Attorney wrote appellee's counsel that, in his opin-

ion, appellee's letter was insufficient to invoke jurisdiction of the Commission. He further advised the Commission not to conduct a hearing concerning appellee's suspension.

On October 30, 1987, appellee's counsel delivered to the Commission the following "Amended Notice of Appeal":

October 30, 1987
AMENDED NOTICE OF APPEAL
HAND DELIVERED
Civil Service Commission
City of Temple
Temple, Texas 76501
 RE: Indefinite suspension of
 Sgt. Leo Max Bender.
Dear Commissioners:
In accordance with Article 1269(m) [*sic*] V.T.C.S., this letter shall constitute an amended notice of appeal in behalf of Sgt. Leo Max Bender from his indefinite suspension by the Chief of Police for the City of Temple.

The basis for the appeal of Sgt. Bender is as follows:
1. Sgt. Bender denies the truth of all such charges and allegations as have been made against him;
2. Sgt. Bender takes exception to the legal sufficiency of all such charges and allegations against him;
3. Sgt. Bender contends that the recommended action of the Chief of Police in calling for the indefinite suspension of Sgt. Bender does not fit the allegations against him.

Further, in behalf of Sgt. Bender, we respectfully request a full hearing before the Commission on all such allegations that have been brought against him. Please notify my office of all hearing dates set herein.

Appellants attack the judgment complaining that appellee's letter appeal of October 20 did not confer jurisdiction on the Commission because it was not in compliance with Tex. Local Gov't Code Ann. § 143.010(a) and (b) (1988) and that, as a result, appellee's suspension became final

on October 23, 1987. Appellants urge further that appellee's "Amended Notice of Appeal" did not confer jurisdiction because it was not timely filed.

Subsections 143.010(a) and (b) provide:

(a) Except as otherwise provided by this chapter, if a fire fighter or police officer wants to appeal to the commission from an action for which an appeal or review is provided by this chapter, the fire fighter or police officer need only file an appeal with the commission within 10 days after the date the action occurred.

(b) The appeal must include the basis for the appeal and a request for a commission hearing. The appeal must also contain a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of the charge, a statement alleging that the recommended action does not fit the offense or alleged offense, or a combination of these statements.

 To take an appeal, one "need only" file an appeal with the Commission within ten days from the date of the offending action. § 143.010(a). Appellants urge that filing an appeal within the ten day period is jurisdictional. *City of Plano F. & P.O. Civ. S. Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex.App.1985, writ ref'd n.r.e.). We agree.

The following section, 143.010(b), sets out the contents of the "appeal." In the appeal, the complainant is directed to request a commission hearing and to set forth the basis for the appeal. The section directs the complainant, if appropriate, to deny the truth of the charges or to take exception to the legal sufficiency of the charges or to challenge the action as inappropriate in light of the charged offense.

 Appellants assert that appellee did not comply with § 143.010(b) because he failed to allege the basis for his appeal. As a consequence, say appellants, the Commission lacked jurisdiction over the matter and therefore properly refused to accept appellee's appeal. As authority, appellants rely upon *Firefighters', et al. Civ. Serv. Comm'n v. Ceazer*, 725 S.W.2d 431, 433

(Tex.App.1987, writ ref'd n.r.e.) and *Maxam*, 685 S.W.2d at 127–28. Although the courts in *Maxam* and *Ceazer* concluded that the Commission does not acquire jurisdiction unless the complainant files an appeal setting out the allegations required by § 143.010(b), this Court declines to follow those holdings.

We agree that appellee's October 20 letter probably does not comply with § 143.010(b) because it fails to set forth the basis for his appeal. We do not agree, however, that appellee's failure to comply with § 143.010(b) strips the Commission of authority to consider appellee's appeal. Nothing in § 143.010(b) suggests that the legislature intended that any particular allegation therein be of jurisdictional significance. To the contrary, in our view, § 143.010(b) was intended to do no more than outline the nature of the complainant's pleadings. A complainant is directed by that section to plead the basis of his appeal and, if appropriate, to specially deny the allegations asserted by the department head or to challenge the propriety of the punishment considering the charged conduct. Although defective, appellee's October 20 letter is sufficient at least to show that the Commission has the power to determine the controversy. Under such circumstances, appellee should be allowed to amend his pleading to conform to § 143.010(b). *See* 2 McDonald, *Texas Civil Practice* § 6.07 (rev. ed. 1982).

Appellee's October 30 letter amending the October 20 letter was filed within a reasonable time and it plainly complies with § 143.010(b). We overrule appellants' point of error.

The judgment is affirmed.

GAMMAGE, J., not participating.