CITY OF TEMPLE FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION et al., Petitioners,

v.

Leo Max BENDER, Respondent.

No. C–9670.

Supreme Court of Texas.

April 25, 1990.

Rehearing Overruled May 30, 1990.

Douglas M. Becker, Roger Moore, Austin, for petitioners.

Bill Bachus, Temple, for respondent.

PER CURIAM.

The issue in this case is whether a civil service commission's jurisdiction has been invoked under section 143.010(b) of the Texas Local Government Code if a fire fighter's or police officer's notice of appeal fails to allege the basis of the appeal. We hold that a civil service commission's jurisdiction is not invoked unless a fire fighter or police officer files a notice of appeal with the commission within ten days after the occurrence of the action being appealed and unless the notice contains at least one of three statements required under Tex. Loc.Gov't Code Ann. § 143.010(b).

On October 13, 1987, the Chief of Police of the City of Temple Police Department suspended Respondent Leo Max Bender for an indefinite period of time. Bender retained an attorney to appeal his suspension to Petitioner City of Temple Firemen's and

Policemen's Civil Service Commission, as provided under Chapter 143 of the Texas Local Government Code. On October 20, 1987, Bender's attorney mailed a letter advising the commission of Bender's intent to appeal his indefinite suspension. The letter stated in relevant part:

Dear Commissioners:

In accordance with Article 1269m, V.T. C.S., this letter is to notify you that I am, on behalf of the above named police officer, appealing his indefinite suspension by the Chief of Police, to your commission. I have been retained by Sgt. Bender to represent him at the Commission hearing, ... Please notify me when this matter is set for hearing before you.

On October 28, 1987, Temple's city attorney mailed a letter to Bender's attorney advising that the letter of October 20, 1987, requesting an appeal, did not meet the requirements of section 143.010(b) of the Texas Local Government Code. On October 30, 1987, Bender's attorney sent a letter entitled "Amended Notice of Appeal," to the commission, setting out for the first time the grounds for appeal as required by section 143.010(b). The Commission refused to set a hearing, stating that the amended notice of appeal had not been timely filed pursuant to section 143.010(a).

Bender filed an application for writ of mandamus in the trial court. The trial court granted Bender's application for writ of mandamus and ordered the Civil Service Commission to hold a hearing within thirty days from the date of the issuance of the writ to determine the justification, if any, for Bender's indefinite suspension from the City of Temple Police Department. The court of appeals affirmed. 783 S.W.2d 329. We reverse the judgment of the court of appeals and render judgment for the commission.

Section 143.010 sets forth the method and time for an appeal of a suspension, providing in part:

(a) Except as otherwise provided by this chapter, if a fire fighter or police officer wants to appeal to the commission from an action for which an appeal or review is provided by this chapter, the fire fighter or police officer need only file an appeal with the commission within 10 days after the date the action occurred.

(b) The appeal must include the basis for the appeal and a request for a commission hearing. The appeal must also contain a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of the charge, a statement alleging that the recommended action does not fit the offense or alleged offense, or a combination of these statements.

Tex.Loc.Gov't Code Ann. § 143.010 (Vernon 1986).

■ The court of appeals recognized that Bender's October 20 letter "probably does not comply with § 143.010(b) because it fails to set forth the basis for appeal." 783 S.W.2d at 331. Nevertheless, the court of appeals concluded:

Nothing in § 143.010(b) suggests that the legislature intended that any particular allegation therein be of jurisdictional significance. To the contrary, in our view, § 143.010(b) was intended to do no more than outline the nature of the complaintant's pleadings.

*Id.* We hold that one of the statements contained within section 143.010(b) is required to be included in a notice of appeal in order to invoke the jurisdiction of a civil service commission. *See Fire Fighters' and Police Officers' Civil Service Commission of City of Houston v. Caezer,* 725 S.W.2d 431 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *City of Plano Fire Fighters' and Police Officers' Civil Service Commission and The City of Plano v. Maxam,* 685 S.W.2d 125 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The language of section 143.010(b) is mandatory. There is simply no basis for reading subsection (a) as mandatory and subsection (b) as merely precatory.

■ We hold that the court of appeals further erred in holding that Bender's

"Amended Notice of Appeal," filed more than ten days after the action complained of, was effective to invoke the jurisdiction of the commission. Section 143.010(a) prescribes a ten-day time period to file a proper notice of appeal. This requirement is mandatory and must be strictly followed. *See Downs v. City of Fort Worth*, 692 S.W.2d 209, 212 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Bender's first notice of appeal, filed within the ten-day period, failed to invoke the jurisdiction of the commission. He cannot now be entitled to circumvent the time limitation of section 143.010(a) by filing an amended notice of appeal more than ten days after the action about which he complains.

Because the court of appeals' decision is in conflict with the clear language of the statute, a majority of the court grants the commission's application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for the commission.