David SOTO, Plaintiff,

v.

CITY OF LAREDO, et al., Defendants.

Civ. A. No. L–89–96.

United States District Court,
S.D. Texas,
Laredo Division.

March 26, 1991.

---

**450**

Oscar J. Pena Jr., Laredo, Tex., for David Soto.

Gerald D. McFarlen, Brin & Brin, San Antonio, Tex., for Travis P. Johnson, Antonio Reyes, Les Norton, Dennis Longoria, Vicente V. Garza Jr., and Civ. Service Com'n, City of Laredo.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is the Motion for Summary Judgment of the Defendants.

*Factual background.* The claims of Plaintiff Soto arise from a series of events in June and July of 1989. On June 24, 1989, a search warrant was obtained by Antonio Reyes, an officer of the Laredo Police Department (LPD) then acting under the authority of the United States Drug Enforcement Administration (DEA), and executed by Reyes and other agents from the Laredo office of the DEA at a residential compound occupied by Plaintiff David Soto and other members of his family. Over 700 pounds of marihuana were found on the premises. David Soto, among others, was arrested and charged with possession of marihuana with the intent to distribute.

Subsequently, Police Chief Travis Johnson of the LPD ordered Soto to take a polygraph examination regarding this incident. Soto refused. On June 29, 1989, Johnson notified Soto of his indefinite suspension from the police force for "insubordination", "neglect of duty" and "conduct prejudicial to good order" in refusing to take the polygraph examination. Defendants' Motion for Summary Judgment, Exhibit A. On July 6th, the United States Attorney dropped the charge against Soto.

On July 7th, Soto through his attorney filed a "Notice of Appeal from Order of Suspension" with the City of Laredo Civil Service Commission (CSC). Defendants' Motion for Summary Judgment, Exhibit C. On July 21, 1989, the CSC met to address Soto's appeal and, on motion by the City, dismissed for lack of jurisdiction due to a deficiency in Soto's notice of appeal. Soto's counsel requested an opportunity to amend the notice. The commission denied the request as the ten-day appeal period had run.

Based on these events, Soto raises numerous claims. The Court will address them in the order they are addressed in Defendants' motion.

■ *Chief Johnson's Letter—Estoppel.* Soto claims that the letter from Chief Johnson, notifying him of his indefinite suspension, misled him as to the proper form of appeal to the CSC; therefore, the CSC was allegedly estopped from denying his appeal on the basis of the jurisdictional defect in his notice of appeal. The relevant portion of Chief Johnson's letter reads:

If you wish to appeal this order of suspension, you have ten (10) days after receipt of this order of suspension within

which to submit a written appeal, in accordance with Chapter 143, Local Government Code, Section 143.052, addressed to the Director of the Civil Service Commission....

Plaintiff argues that he was misled by Chief Johnson's citation of § 143.052 of the Texas Local Government Code. That section sets forth procedures to be followed by fire and police department heads in suspending fire fighters or police officers. Tex.Loc.Gov't Code Ann. § 143.052 (Vernon 1988). It makes no mention of the form to be followed in appealing any such suspension. The form of appeal is set out in § 143.010 of the Code and requires the allegation of at least one out of a list of three specific grounds for attacking an order of suspension.

Soto contends that, in citing to § 143.052, Johnson deterred Soto and his counsel from searching the statute for the required form of appeal. The form and content of a suspension letter is set by the Local Government Code. However, in assessing the sufficiency of suspension letters, Texas courts have proven lenient. In *Firemen's and Policemen's Civil Service Comm'n of Fort Worth v. Lockhart*, 626 S.W.2d 492 (Tex.1981), the Texas Supreme Court upheld the commission's order affirming a police officer's indefinite suspension and observed that:

> substantial compliance is had with the requirement of article 1269m [precursor of § 143.052] where the letter of suspension sufficiently apprises the officer of the charges against him and the facts relied upon to prove those charges. The courts recognize that this is a civil action administered by laymen and the charges need not meet the precision or technicality of a criminal indictment.

*Lockhart*, 626 S.W.2d at 494; *see also Firemen's and Policemen's Civil Service Comm'n of Laredo v. Martinez*, 645 S.W.2d 431 (Tex.1983) (quoting *Lockhart* in excusing lack of detail in an order suspending police officer for insubordination); *Valentino v. City of Houston*, 674 S.W.2d 813, 817 (Tex.App.—Houston 1984, writ ref'd n.r.e.) (excusing two errors by police chief in stating date of infraction).

The error by Chief Johnson was not such as to render the dismissal defective. While Johnson did cite the wrong portion of the statute, he was not required by law to cite Soto to any statute. The issue thus becomes whether it was reasonable for Soto to rely on this citation with no further search of the statute. Because the provision cited by Johnson was so clearly irrelevant to the form and procedure of appeal to the CSC, it was not reasonable for the Plaintiff to have relied upon it. The CSC was not estopped from denying Soto's appeal.

■ *Denial of Opportunity to Amend Appeal—Due Process under Texas and U.S. Law.* Plaintiff next contends that, without authority at law and in violation of due process of law under the Texas and United States Constitutions, the CSC refused to allow him to amend his notice of appeal once the defect had been determined.

Under Texas law, the operation of § 143.010 is clear. By failing to allege a specific ground for objection from among the three delineated in the section, Plaintiff never invoked the jurisdiction of the CSC. *Firefighters' and Police Officers' Civil Service Comm'n of Houston v. Ceazer*, 725 S.W.2d 431, 433 (Tex.App.—Houston, 1987, writ ref'd n.r.e.). Adherence to the requirements of § 143.010 has been stringently required by Texas courts. *See Downs v. City of Fort Worth*, 692 S.W.2d 209, 212 (Tex.App.—Fort Worth, 1985, writ ref'd n.r.e.) ("language of the Act is mandatory and not permissive in nature"); *Plano Firefighters' and Police Officers' Civil Service Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex.App.—Dallas, 1985, writ ref'd n.r.e.). Indeed, the Texas Supreme Court has ruled that an officer could not perfect an appeal by amending a defective notice after the ten-day period elapsed. *City of Temple Firemens' and Policemens' Civil Service Comm'n v. Bender*, 787 S.W.2d 951, 952–53 (Tex.1990). Clearly the CSC was acting appropriately within its jurisdiction in dismissing Plaintiff's appeal. The fact that Plaintiff's right to appeal was

contingent upon complying with certain well-defined procedural requirements is not a violation of due process.

Aside from specifically attacking the dismissal of his appeal to the CSC, Soto also makes the general allegation at page 16 of his pleadings that his job termination constituted a taking of property without due process of law. He makes a similar allegation in paragraph II–6 of the amended response to the summary judgment motion. Defendants' motion addresses only the dismissal of Soto's appeal. However, federal due process requires notice of the reasons for a proposed deprivation and some opportunity to respond to the substance of the allegations before the deprivation itself occurs. *Eguia v. Tompkins*, 756 F.2d 1130 (5th Cir.1985). If Soto was not even given an informal opportunity to "tell his side of the story" before termination, then even the furnishing of a prompt post-deprivation hearing does not satisfy the requirements of due process, although it would serve to terminate any damages. *Id.* at 1139. The Court will defer ruling on this issue, as it has not been developed by either side. It would appear from the Johnson letter that Soto was terminated without even an informal opportunity to "tell his side of the story," but the Court shall await further developments on that issue. In any event, it would seem that if a technical violation occurred, the damages would be nominal or perhaps none since the termination was upheld by the dismissal of Soto's appeal. *See Simien v. City of San Antonio*, 809 F.2d 255, 258 (5th Cir.1987).

 *Wrongful Suspension—Refusal of Polygraph Test.* Plaintiff next contends that his suspension for refusing to submit to a polygraph examination was without authority under Texas law and violated his right against self-incrimination under the Fifth Amendment of the U.S. Constitution and Article 1, § 10 of the Texas Constitution.

Under Texas law, Chief Johnson was clearly within his authority in ordering Soto to take the examination and suspending him for refusing. Tex.Loc.Gov't Code Ann. § 143.124(e) (Vernon 1988); *Richard-*

*son v. City of Pasadena*, 500 S.W.2d 175, 177 (Tex.Civ.App.—Houston, 1973), *rev'd on other grounds*, 513 S.W.2d 1 (Tex.1974). Such an order is reasonable even where, as here, the officer's conduct under investigation occurred while he was off-duty. *Firemen's and Policemen's Civil Service Comm'n of Austin v. Burnham*, 715 S.W.2d 809, 811–12 (Tex.App.—Austin, 1986), *cert. denied*, 488 U.S. 842, 109 S.Ct. 112, 102 L.Ed.2d 86 (1988). Plaintiff relies on the decision in *Talent v. City of Abilene*, 508 S.W.2d 592 (Tex.1974), for the contrary proposition. In *Talent* the court found that a fire chief was without authority to order a firefighter to submit to such an examination; however, that decision was clearly limited by its own terms to a fire chief's authority and did not delve into the admittedly different prerogatives of a law enforcement official. *Talent*, 508 S.W.2d at 596 ("question is not before us ... whether a *law enforcement* official has implied authority to order polygraph tests").

Chief Johnson's action also did not violate the United States Constitution. "Public employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity." *Lefkowitz v. Cunningham*, 431 U.S. 801, 806, 97 S.Ct. 2132, 2136, 53 L.Ed.2d 1 (1977). It is forbidden to discharge an employee for refusing to waive his Fifth Amendment privilege; it is not forbidden to discharge an employee for refusing to answer when there has been no demand that he renounce his constitutional immunity. *Gulden v. McCorkle*, 680 F.2d 1070, 1074, *on reh'g*, 685 F.2d 157 (5th Cir.1982). Soto makes no claim that anyone, including Johnson, asked him to waive his constitutional immunity. Had Soto participated in the lie detector test under threat of losing his job, the statements made by him could not have been used in a subsequent criminal prosecution. *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). As the Texas Constitution gives no greater privilege than the U.S. Constitution, no separate inquiry under Texas law

is needed. *McKenna v. State*, 671 S.W.2d 138, 139 (Tex.App.—Houston, 1984, writ ref'd).

▪ *Arrest of Plaintiff.* Plaintiff next alleges that he was arrested in violation of his Fourth Amendment right against unreasonable seizure. From the affidavit of Officer Reyes, all that can be gathered is that Reyes and other DEA agents obtained a search warrant, assertedly with probable cause, executed it on the premises where Soto and others were, found 700 pounds of marihuana, and then arrested him. Officer Reyes affirms that he acted with "good faith" in executing the search warrant and had probable cause. Affidavit of Antonio Reyes, Defendants' Motion for Summary Judgment, Exhibit E. However, this assertion does not establish probable cause to arrest Soto during the course of the search. The mere presence of a person at "the scene where a search warrant was being executed, standing alone, would not establish probable cause to arrest [him]." *United ed States v. Capers*, 685 F.2d 249, 251 (8th Cir.1982); *see also United States v. Bazan*, 807 F.2d 1200, 1207 (5th Cir.1986), *cert. denied*, 481 U.S. 1038, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987); *United States v. Ashcroft*, 607 F.2d 1167, 1172 (5th Cir.1979), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2944, 64 L.Ed.2d 826 (1980) (dicta); *United States v. Miller*, 546 F.2d 251, 253 (8th Cir.1976) (no probable cause to arrest person present in house where narcotics found where only connection was visit with resident). Without more information as to the circumstances that connected Soto to the seized drugs and thus impelled the agents to arrest Soto, this Court cannot assess the reasonableness of the agents' actions.

▪ *Intentional and Negligent Infliction of Emotional and Physical Distress.* Soto claims that the variety of alleged wrongs perpetrated against him were the result of the negligent or intentional conduct of Reyes or Johnson. This is another area where the pending motion and Plaintiffs' response are both so sketchy as to prevent the Court from reaching definitive conclusions. Defendants simply allege that all of them are immune under §§ 101.-

001, *et seq.*, Tex.Civ.Prac. & Rem.Code. They do not explain how Johnson and Reyes would be individually immune under this Act. They also allege that "there is no evidence" to establish negligent or reckless conduct, apparently ignoring their initial burden of establishing entitlement to summary judgment. Plaintiff's response virtually ignores this topic. Nevertheless the following observations are appropriate. To the extent that Plaintiff is claiming intentional wrongdoing, it seems clear that the City would be immune from liability. *Young v. City of Dimmitt*, 776 S.W.2d 671 (Tex.App.—Amarillo, 1989), *writ denied per curiam*, 787 S.W.2d 50 (Tex.1990). Further, the alleged claim of intentional infliction of emotional distress against Reyes or Johnson does not even begin to meet the rather stringent elements described in *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989). Accordingly summary judgment will be GRANTED to all Defendants on this issue. The outcome of the claim of negligent infliction of emotional distress is not as clear. As to the City, it is not clear whether emotional distress is the equivalent of "personal injury" under § 101.021(2) of the act. The Court also regards allegations that the particular injuries to Soto were caused by use of tangible personal property to be somewhat strained. *See, Estate of Banks v. Chambers Mem. Hosp. Auxiliary*, 865 F.2d 696 (5th Cir.1989). To repeat, however, these issues have been so inadequately addressed as to make any ruling impossible. The Court would also invite comment as to the effect of § 101.0215, as amended in 1987. There is also the question of whether, at least in the case of Reyes, any alleged negligence on his part would be the responsibility of the City since the file indicates that he was not functioning as an agent of the City on the occasion in question. Also, if Reyes was acting as an agent of the United States Government, he is probably immune from tort liability, and the Federal Tort Claims Act would be the sole remedy. 28 U.S.C. § 2679. There is also indication that Johnson was not involved at all in the arrest of Soto. It is questionable whether Johnson could be

negligent in advising Plaintiff of applicable sections of law about his CSC appeal when he had no duty to give any advice, and the Court can find no basis for a claim of negligently ordering Plaintiff to take a polygraph examination. Final ruling on these points await further developments by the parties.

*Summary.* Defendants' motion for summary judgment is PARTIALLY GRANTED on the following issues:

1. The CSC was not estopped from denying Soto's appeal based on the error in Chief Johnson's letter;

2. Denial of the appeal to the CSC did not violate federal or state law, assuming that § 143.010 of the Local Government Code is constitutional;

3. Chief Johnson did not violate state or federal law by terminating Soto's employment for refusing to participate in a lie detector test;

4. All Defendants are entitled to summary judgment on the claim of intentional infliction of emotional distress.

The following issues remain pending for trial or further summary judgment motions:

1. Is § 143.010 of the Local Government Code unconstitutional? Plaintiff has alleged this and neither side has addressed the issue. The Court cannot readily imagine why the statute would be infirm, but must await further developments on this issue;

2. Did Officer Reyes have probable cause for arresting Soto?

3. If not, can liability for this conduct be somehow imputed to either Chief Johnson or the City of Laredo and under what theory?

4. Plaintiff claims that his arrest violated his right to freedom of association with his family. Neither side has addressed this issue. It would appear that this question would be subsumed by the probable cause issue, but the Court shall defer ruling pending further input from the parties;

5. Was Soto deprived of a property right without an adequate predeprivation hearing and, if so, can he recover any damages for this?

6. Can either Reyes, Johnson, or the City be liable for any of the allegations of negligent infliction of emotional distress?

The parties are allowed until April 19, 1991 to file any supplemental summary judgment motions, properly documented as per Rule 56, Fed.R.Civ.P. Thereafter the Court shall confer with the parties to determine what issues, if any, remain pending for trial.