**Affirmed and Opinion filed April 29, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00291-CV

**CITY OF HOUSTON, Appellant**

**V.**

**RAUL D. REYES AND ALBERT RODRIGUEZ, Appellees**

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-77123**

## OPINION

In this interlocutory appeal, the City of Houston appeals the trial court's order denying the City's motion for summary judgment based on lack of jurisdiction.[1] Concluding that the trial court has jurisdiction over this lawsuit, we affirm.

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (allowing interlocutory appeal from trial court's grant or denial of a plea to the jurisdiction by a governmental unit).

## Background

In 2011, the City and the Houston Professional Fire Fighters Association entered into a Collective Bargaining Agreement that governed the number and category of additional points to be added to promotional examination test scores. The Collective Bargaining Agreement expired on June 30, 2017.

At the time, appellees Raul D. Reyes and Albert Rodriguez were firefighters both employed as Senior Captains of Communications by the City of Houston Fire Department. They took promotional examinations on July 12, 2017 for the position of Chief Communications Officer. The promotional examinations were administered by the Civil Service Commission under chapter 143 of the Local Government Code.[2] The Commission is also responsible for grading the promotional examinations and calculating additional points based on seniority.[3]

The Commission initially decided to score the exams under the terms of the Collective Bargaining Agreement, not under chapter 143. Reyes and Rodriguez sent letters to the Commission on August 21, 2017, each complaining that their test scores were improperly calculated under the Collective Bargaining Agreement and should have been calculated under Local Government Code section 143.033, which would have awarded them ten additional points.[4] On September 18, 2017, the Commission issued an order stating that exams taken after July 1, 2017 (the day after the Collective Bargaining Agreement expired) would be scored and certified under chapter 143. Firefighters Rose Arenas and Wearod W. Hadnott timely appealed the Commission's September 18 decision in district court. The

---

[2] *See* Tex. Loc. Gov't Code §§ 143.001-.403.

[3] *See* Tex. Loc. Gov't Code § 143.033(a), (b).

[4] Under section 143.033, "Each fire fighter is entitled to receive one point for each year of seniority in that department, with a maximum of 10 points." Tex. Loc. Gov't Code § 143.033(b).

district court issued a temporary restraining order. The Commission then reconsidered the matter on November 6, 2017 and issued a final order reversing itself and holding that the promotional exams would be scored under the Collective Bargaining Agreement.

Reyes and Rodriguez filed this lawsuit on November 16, 2017, appealing the November 6 order and seeking to have their examinations scored under chapter 143. The City filed its motion for summary judgment, contending that the trial court lacked jurisdiction on the basis that Reyes's and Rodriguez's complaints were untimely, the Commission lacked subject matter to consider untimely complaints, and the trial court lacked subject matter jurisdiction over the lawsuit. The trial court denied the motion.

### *Discussion*

In three issues, the City contends (1) the Commission did not have jurisdiction to issue the September 18 and November 6 orders under chapter 143; (2) the Commission did not have jurisdiction to issue the orders under the Collective Bargaining Agreement; and (3) the trial court did not have jurisdiction to rule on the merits of Reyes and Rodriguez's appeal from the November 6 order. We conclude that the Commission had jurisdiction to issue the orders under chapter 143 and the trial court had jurisdiction to rule on the merits of the appeal.[5]

Immunity from suit may be asserted through a plea to the jurisdiction or another procedural vehicle, such as a motion for summary judgment. *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 754 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). When a jurisdictional plea challenges the plaintiff's pleadings, we determine whether the pleadings, construed in the plaintiff's favor, allege facts

---

[5] Accordingly, we do not need to address whether the Commission had jurisdiction to issue the orders under the Collective Bargaining Agreement.

sufficient to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id*. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law we review de novo. *Id*.

If the plaintiff pleaded facts making out a prima facie case and the governmental unit instead challenges the existence of jurisdictional facts, we consider the relevant evidence submitted. *Id*. Generally, the standard mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id*. If the plaintiff's factual allegations are challenged with relevant supporting evidence, to avoid dismissal, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Id*. When the evidence submitted to support the plea implicates the merits of the case, we take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id*.

In its first issue, the City contends that the Commission did not have jurisdiction to issue the September 18 and November 6 orders because Reyes and Rodriguez did not invoke the Commission's jurisdiction by appealing or initiating grievances challenging the Commission's initial test scoring under the Collective Bargaining Agreement. *See* Tex. Loc. Gov't Code § 143.034(a) ("If dissatisfied [with promotional examination grading, a firefighter] may appeal, within five business days, to the commission for review in accordance with this chapter."), § 143.128(a) ("To begin a grievance action, a fire fighter . . . must file a . . . step I grievance form with the person's department head or departmental grievance counselor within 30 days after the date the fire fighter . . . knew or should have known of the action or inaction for which the person feels aggrieved occurred."). Reyes and Rodriguez argue that they were not required to take either of these steps to invoke the Commission's jurisdiction and they were entitled to appeal the

Commission's November 6 order by filing a petition in the trial court. *See id*. § 143.015(a) (allowing a firefighter to file a petition in district court appealing "any commission decision . . . within 10 days after the date the final commission decision" is sent by certified mail to or personally received by the firefighter).

There is a dearth of caselaw addressing this issue, but we find the supreme court's *White* decision to be instructive. *See City of DeSoto v. White*, 288 S.W.3d 389 (Tex. 2009). At issue was whether a pre-appeal notice requirement under chapter 143 for a suspended officer is jurisdictional. *Id*. at 391. The police chief delivered the officer a letter informing him that his suspension was indefinite but that he could file an appeal either with the Commission or an independent third-party hearing examiner. *Id*. (citing Tex. Loc. Gov't Code §§ 143.052(c), (d); .057(a)). The letter did not notify the officer that an appeal to a hearing examiner would limit his ability to seek further review with a district court, as required by the statute. *Id*. (citing Tex. Loc. Gov't Code § 143.057(a), (j)). The officer elected to have a hearing before a hearing examiner. *Id*. The hearing examiner upheld the suspension. *Id*. at 392.

The officer filed suit in district court, contending that the hearing examiner lacked jurisdiction over his appeal. *Id*. The trial court and court of appeals agreed, holding the notice requirements under chapter 143 were jurisdictional and that substantial compliance with the notice requirements was insufficient to confer jurisdiction. *Id*. The City of DeSoto argued that the notice provision is not jurisdictional. *Id*.

In concluding that the notice provision is not jurisdictional, the supreme court noted:

> The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and

ever to have acted, as a matter of law. If the requirement is not jurisdictional, however, the tribunal may hear the case, although other consequences may flow from a party's failure to comply with the requirement. [D]eeming a provision jurisdictional opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment. [T]he modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction. Because of these consequences, we have been reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect.

*Id*. at 393 (citations omitted).

The court began with the presumption that the legislature did not intend to make the notice provision jurisdictional and applied statutory interpretation principles to determine whether the provision was jurisdictional "by examining the statute's plain language." *Id*. at 394. Starting with the text of the statute, the court noted that the provision did not "contain any explicit language indicating that [the] notice requirement[, although mandatory, was] jurisdictional." *Id*. at 395. The court further noted that the notice was not a statutory prerequisite to filing a lawsuit or appeal. *Id*. at 396. Moreover, there was no specific consequence for noncompliance, such as dismissal. *Id*. Lastly, the court looked to the consequences flowing from each possible interpretation of the statute and noted that the consequence of holding the statute jurisdictional would be to reinstate the officer despite serious allegations against him. *Id*. According to the court, that could not "be the result the Legislature intended, especially where an interpretation which concludes that the provision is not jurisdictional would still protect the officer's appellate rights." *Id*. at 396-37.

Thus, the supreme court, beginning with the presumption that the legislature did not intend to make the notice provision jurisdictional, considered four statutory

interpretation principles in ultimately concluding the provision was not jurisdictional: (1) the plain language of the statute; (2) whether there was a statutory prerequisite to filing a lawsuit or appeal; (3) whether there was a specific consequence for noncompliance, such as dismissal; and (4) the consequences flowing from interpretation of the statute to determine what the legislature intended. We apply these principles as follows.

**Plain Language of the Statute**. We start with the text of the statute. The Commission is required under chapter 143 to grade promotional examinations. Tex. Loc. Gov't Code § 143.033(a). And "[e]ach fire fighter is entitled to receive one point for each year of seniority in that department, with a maximum of 10 points." *Id*. § 143.033(b). Moreover, the Commission "may investigate and report on all matters relating to the enforcement and effect of [chapter 143] and any rules adopted under [the] chapter and shall determine if the chapter and rules are being obeyed." *Id*. § 143.009(a). The Commission addressed whether to score the examinations and apply seniority points under chapter 143 in its September 18 and November 6 orders. The authority to do so and investigate such matters is expressly conferred on the Commission under chapter 143 and is not contingent on any action by a firefighter under the statute. Nothing in the statute prevented the Commission from issuing the September 18 and November 6 orders.

**Statutory Prerequisite to Filing a Lawsuit or Appeal**. Certainly, only a police officer or firefighter can invoke the appeals process under chapter 143. *See White*, 288 S.W.3d at 397 (citing Tex. Loc. Gov't Code §§ 143.010(a), 143.057(a)). To appeal a final Commission decision, a police officer or firefighter must file a petition in district court "within 10 days after the date the final commission decision" is sent by certified mail or personally received. Tex. Loc. Gov't Code § 143.015(a). That was done in this case.

7

**Consequences for Noncompliance**. Reyes and Rodriguez agreed with the September 18 order, so they had no reason to appeal it. After the Commission reversed course on November 6 and held that the promotional examinations would be scored under the Collective Bargaining Agreement, Reyes and Rodriguez invoked the appeals process by filing a timely appeal of that order under section 143.015. *See* Tex. Loc. Gov't Code § 143.015(a); *see also White*, 288 S.W.3d at 397. Reyes and Rodriguez thus complied with the statute, and the City has not pointed to any authority for dismissal under the statute when a Commission decision was timely appealed under section 143.015.

**Consequences Flowing from Interpretation of the Statute**. If we were to interpret the statute as advocated by the City, Reyes and Rodriguez would have been required to appeal or file grievances even before the Commission made its final decision not to apply seniority points under chapter 143. That cannot be the result the legislature intended, especially when there is another mechanism expressly set forth in the statute to protect Reyes's and Rodriguez's appellate rights, i.e., by filing a petition under section 143.015 challenging the Commission's final decision. *See White*, 288 S.W.3d at 396-37.

We decline to impose a jurisdictional requirement when the express language of the statute shows that the Commission had the authority to issue the September 18 and November 6 orders and there is no statement of clear legislative intent otherwise. *See id*. at 393. The legislature easily could have stated that the applicable provisions of the statute were jurisdictional, but it did not. *See id*. Moreover, Reyes and Rodriguez complied with section 143.015 by filing a timely appeal, and the result if we were to interpret the statute as jurisdictional would be to deprive them of their right to appeal after the Commission made its final

decision not to apply seniority points under chapter 143.[6]

The City cites *City of Temple Firemen's & Policemen's Civil Service Commission v. Bender*, 787 S.W.2d 951 (Tex. 1990), contending that a failure to strictly comply with chapter 143 "fails to invoke the jurisdiction of the Commission." *See id*. at 952. We do not agree that Reyes and Rodriguez failed to comply with chapter 143 or to invoke the jurisdiction of the Commission. The *Bender* case is also distinguishable because it involved an inadequate notice of appeal to the Commission involving a police officer's suspension.[7] *Id*. at 951 (citing Tex. Loc. Gov't Code § 143.010(b)). The case did not involve an appeal to the district court of a final decision by the Commission. Here, the City does not challenge the adequacy of a notice of appeal to the Commission. Instead, the City contends that Reyes and Rodriguez failed to invoke the Commission's jurisdiction by appealing the Commission's final decision regarding seniority points.

Moreover, the supreme court's holding in *White* calls the *Bender* holding into question. The supreme court noted in *White* that its focus had changed to adopt "an approach to jurisdictional questions designed to strengthen finality and reduce the possibility of delayed attacks on judgments," even in an administrative context, beginning with the presumption that the legislature did not intend to make the provisions of chapter 143 jurisdictional. 288 S.W.3d at 394. That is our focus in

---

[6] The City contends that Reyes's and Rodriguez's complaint letters challenging the Commission's initial decision did not invoke the Commission's jurisdiction to issue the September 18 and November 6 orders. But the Commission had the authority to grade the examinations and apply seniority points independent of any action by Reyes and Rodriguez.

[7] The statute requires certain statements to be included in the notice of appeal to the Commission, including the basis for the appeal, which was omitted from the officer's notice. *Bender*, 787 S.W.2d at 952. The supreme court held that the statements set forth in the statute were required to invoke the jurisdiction of the Commission. *Id*.

9

this case.[8]

We conclude that the Commission had jurisdiction to issue the September 18 and November 6 orders. We overrule the City's first issue. In its third issue, the City contends that the trial court lacked jurisdiction over Reyes and Rodriguez's appeal "[b]ecause the Commission lacked jurisdiction and its orders . . . are void." Having concluded the Commission did not lack jurisdiction to issue the orders, we overrule the City's third issue.

### *Conclusion*

The Commission had jurisdiction to issue the September 18 and November 6 orders. Reyes and Rodriguez filed a timely appeal of the November 6 order to the trial court. Accordingly, the trial court did not err in denying the City's motion for summary judgment based on lack of jurisdiction. We affirm the trial court's order denying the City's motion for summary judgment.

/s/ Frances Bourliot
   Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

---

[8] Our holding also does not conflict with *University of Texas Medical Branch at Galveston v. Hohman*, 6 S.W.3d 767 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.), which the City cites for the proposition that "[w]hen a party sues under a statutory cause of action, the party must comply with the administrative prerequisites, which are jurisdictional." *Id.* at 774. As discussed, Reyes and Rodriguez complied with section 143.015.