The CITY OF LAREDO, Texas; The Laredo Chief of Police, Agustin Dovalina; Daniel Migura, Edward Sherwood, Joaquin Romero Jr., Individually and as Members of the Fire Fighters' and Police Officers' Civil Service Commission of Laredo, Appellants,

v.

Jorge A. ALMAZAN, Appellee.

No. 04-02-00585-CV.

Court of Appeals of Texas,
San Antonio.

July 2, 2003.

Martha M. Rose, Bettye Lynn, Karger, Key, Barnes & Lynn, P.C., Fort Worth, for Appellants.

Albert A. Flores, Joel Perez, Escamilla & Poneck, Inc., San Antonio, for Appellee.

Sitting: PAUL W. GREEN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In this appeal, the City of Laredo (the "City"), Laredo Chief of Police Agustin Dovalina ("Dovalina"), and the members of the Fire Fighters' and Police Officers' Civil Service Commission of Laredo (the "Commission") challenge the trial court's granting of partial summary judgment and awarding of attorney's fees for Jorge A. Almazan. We affirm the trial court's judgment in part and reverse in part, and remand the cause to the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Almazan, a police investigator, was arrested for driving under the influence and resisting arrest. As a result, Dovalina wrote a letter to Almazan placing him on indefinite suspension. Dovalina's suspension letter referred to Chapter 143 of the Local Government Code, but did not, as required by statute, specifically inform Almazan that he had ten days to file an appeal. Within the ten-day period, Almazan sent a letter to the Commission appealing his indefinite suspension. Almazan's appeal letter stated the reasons for challenging the suspension, but did not, as statutorily required, specifically request a hearing before the Commission. Nevertheless, the Commission set a date for a hearing. The City filed a plea to the jurisdiction asking the Commission to dismiss Almazan's appeal on the grounds that his appeal letter failed to request a commission hearing. Almazan filed a motion asking the Commission to reinstate him to his former position with back pay because, among other reasons, Dovalina's suspension letter failed to inform him that he had ten days to appeal. After hearing arguments on the City's plea to the jurisdiction and Almazan's motion seeking reinstatement, the Commission dismissed Almazan's appeal for lack of jurisdiction on the grounds that his appeal letter failed to request a commission hearing.

Almazan filed a petition in state district court asking for a remand to the Commission or reinstatement with back pay and attorney's fees. In the trial court, the City filed a traditional and a no-evidence motion for summary judgment arguing that Almazan's appeal letter was ineffective to invoke the Commission's jurisdiction and that Dovalina's suspension letter was effective. Also, the City moved for summary judgment requesting that the parties who were sued as individuals—Dovalina (in his individual capacity), Edward Sherwood, Joaquin Romero Jr., and Daniel Migura—be dismissed from the case. Finally, the City moved for summary judgment requesting that Dovalina (in his official capacity) be dismissed from the case on the grounds of official immunity and the City itself be dismissed on the grounds that it is an improper party to the suit. Almazan also filed a motion for summary judgment on the grounds that his appeal letter was effective to invoke the Commission's jurisdiction and that the suspension letter was ineffective.

The trial court held a hearing on the summary judgment motions. At the hearing, both sides agreed to summary judgment for the parties who were sued as individuals. The trial court denied the portions of the City's motion for summary judgment regarding Dovalina's claim of official immunity and the City's claim that it was an improper party to the suit. In addition, the trial court denied the part of the City's motion regarding the effectiveness of Almazan's appeal letter. However, the trial court withheld ruling on the effectiveness of the suspension letter. Later, the trial court issued a letter ruling granting Almazan's motion for summary judgment and denying the City's motion for summary judgment. The trial court's first order on the motions for summary judgment, based on the City's proposed order, dismissed the parties who were sued as individuals, found that Almazan's appeal letter was effective, and remanded the case to the Commission for further proceedings. Almazan then filed a motion for reformation of judgment, requesting that the trial court find that the suspension letter was ineffective, order reinstatement with back pay, and order the City to pay his attorney's fees. The trial court held a hearing on the motion for reformation of judgment and granted the motion. The reformed judgment again denied the City's motion for summary judgment regarding the effectiveness of Almazan's appeal letter, but also granted Almazan's summary judgment motion regarding the ineffectiveness of the suspension letter on the grounds that it failed to give notice, as required by the statute, that Almazan had ten days to file his appeal. Lastly, the reformed judgment ordered Almazan's reinstatement with back pay and awarded $5000 in attorney's fees.

The City alleges that the trial court erred in granting partial summary judgment for Almazan on the grounds that

Dovalina's suspension letter was ineffective and Almazan's appeal letter was effective to invoke the Commission's jurisdiction. The City also raises the issues of whether the trial court erred in denying Dovalina's summary judgment motion on official immunity, denying the City's motion for summary judgment on the grounds that it was not a proper party, and awarding attorney's fees to Almazan.

## STANDARD OF REVIEW

Granting a traditional motion for summary judgment is appropriate only when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex.2002). The reviewing court must resolve every doubt and indulge every reasonable inference in favor of the nonmovant, and will take all evidence favorable to the nonmovant as true. *Id.*

On appeal, we review a no-evidence summary judgment de novo, viewing the evidence in a light that tends to support the finding of the disputed fact and disregarding all evidence and inferences to the contrary. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex.2002). The motion must specify the elements as to which there is no evidence. TEX.R. CIV. P. 166a(i). A no-evidence summary judgment motion is improperly granted when the respondent brings forth more than a scintilla of probative evidence that raises a genuine issue of material fact. *Gomez v. Tri City Cmty. Hosp., Ltd.*, 4 S.W.3d 281, 283 (Tex.App.-San Antonio 1999, no pet.).

An appeal of a civil service commission's decision to a district court is by trial de novo. TEX. LOC. GOV'T CODE ANN. § 143.015(b) (Vernon 1999). The trial court's review of a commission decision is to determine only the issues of whether

the decision is free from the taint of any illegality and is reasonably supported by substantial evidence. *City of Houston v. Richard*, 21 S.W.3d 586, 588 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Under the substantial evidence rule, an agency must not exercise its power arbitrarily or capriciously. *See Fire Dep't of City of Fort Worth v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664, 666 (1949).

### THE EFFECTIVENESS OF ALMAZAN'S APPEAL LETTER

■ The City contends that the trial court erred in granting summary judgment for Almazan on the grounds that his appeal letter was effective to invoke the jurisdiction of the Commission. The trial court reversed the Commission's decision that Almazan's appeal was never properly before it because his appeal letter failed to request a hearing in strict compliance with section 143.010(b) of the Local Government Code. That provision sets forth the procedure for appeals to the Commission:

> The appeal must include the basis for the appeal and a request for a commission hearing. The appeal must also contain a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of the charge, a statement alleging that the recommended action does not fit the offense or alleged offense, or a combination of these statements.

TEX. LOC. GOV.CODE ANN. § 143.010(b) (Vernon 1999). In determining the meaning of this section, we look at the cases construing the section and we consult the Code Construction Act, TEX. GOV'T CODE ANN. §§ 311.001–311.032 (Vernon 1998), § 311.034 (Vernon Supp.2003). The procedure set forth in section 143.010(b) has been interpreted as mandatory and jurisdictional. *See City of Temple Firemen's & Policemen's Civil Serv. Comm'n v. Bend-*

*er*, 787 S.W.2d 951, 952 (Tex.1990); *City of Plano Firefighters' & Police Officers' Civil Serv. Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *accord Soto v. City of Laredo*, 764 F.Supp. 448, 451 (S.D.Tex.1991). No cases, however, have construed the particular part of section 143.010(b) requiring a request for a commission hearing. Because courts have held some portions of the section to be mandatory and jurisdictional, it would seem logical to conclude that the requirement of a request for a commission hearing is likewise mandatory and jurisdictional. We note, however, that the remainder of section 143.010(b), other than the request for a commission hearing, deals with the substance of the appeal. Requesting a hearing before the commission, by contrast, is purely procedural.

The Code Construction Act sets forth matters to be considered in construing a statute. These principles apply regardless of whether the statute is considered ambiguous on its face. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998); *Korndorffer v. Baker*, 976 S.W.2d 696, 700 (Tex.App.-Houston [1st Dist.] 1997, pet. dism'd w.o.j.). Thus, even though section 143.010(b) is clear and unambiguous, we may consider, among other matters, the "object sought to be attained" and the "consequences of a particular construction." TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998). Also, the Code Construction Act provides us with the presumption that in enacting a statute, the legislature intended, among other things, "a just and reasonable result." *Id.* § 311.021(3).

Applying the provisions of the Code Construction Act to the Local Government Code's appeal procedure, we hold that the request for a commission hearing is not mandatory and jurisdictional. Although it is just and reasonable that, in order to

invoke the jurisdiction of the commission, a suspended police officer must state the substantive reasons for his appeal, requiring the officer to request a commission hearing is not just and reasonable. The consequences of the statutory construction the City urges would be to deny an officer the right to appeal his suspension for omitting a request for a commission hearing when it is clear from section 143.010 that there can be no meaningful appeal without a hearing. By comparison, if the officer omits the substantive requirements of section 143.010(b), the commission has no notice of the claims the officer is making in his appeal to the commission. Thus, it seems just and reasonable to require the officer to state the basis of his appeal in order to invoke the jurisdiction of the commission, but not to require him to request a commission hearing. The Commission's decision to the contrary, as a matter of law, was not supported by substantial evidence and was arbitrary and capricious. Accordingly, the trial court did not err in partially granting Almazan's motion for summary judgment on the grounds that his appeal letter was effective to invoke the Commission's jurisdiction.

### THE EFFECTIVENESS OF DOVALINA'S SUSPENSION LETTER

■ As discussed above, the City contends that the Commission did not have jurisdiction over Almazan's appeal. Alternatively, however, the City argues that should we find that the Commission did have jurisdiction over Almazan's appeal, then the trial court erred in ruling on and granting the part of Almazan's summary judgment motion urging that the suspension letter was ineffective. We agree with the City's alternative argument. Although the Commission heard arguments concerning the effectiveness of both the appeal letter and the suspension letter, it ultimately ruled only that the appeal notice failed to invoke the jurisdiction of the Commission. Thus, the Commission did not rule on the effectiveness of the suspension letter and, therefore, the trial court erred in ruling on that issue.

### ATTORNEY'S FEES

■ The City argues that the trial court erred in awarding $5000 of attorney's fees to Almazan because, they contend, Almazan was not the prevailing party. In appeals from commission decisions, the trial court has authority to award reasonable attorney's fees to the prevailing party. TEX. LOC. GOV'T CODE ANN. § 143.015(c) (Vernon 1999). The awarding of reasonable attorney's fees to prevailing parties under section 143.015(c) is a matter of the trial court's discretion. *City of Sherman v. Henry*, 928 S.W.2d 464, 474 (Tex.1996). An officer is still the prevailing party, even if he did not receive all the relief he sought, as long as the trial court resolved the main issue in the case in the officer's favor. *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex.App.-Amarillo 1997, pet. denied). Even given our partial reversal of the trial court's judgment, Almazan is still the prevailing party on the main issue, which was the effectiveness of his appeal letter. Therefore, the City's issue regarding the trial court's awarding of attorney's fees to Almazan is overruled.

### CONCLUSION

The trial court correctly granted the part of Almazan's motion for summary judgment arguing that his appeal letter was effective to invoke the jurisdiction of the Commission. However, the trial court erred in considering and granting the part of Almazan's motion for summary judgment arguing that the suspension letter was ineffective. Because of our disposition of these issues, we need not reach the issue regarding Dovalina's official immuni-

ty and whether the City is a proper party to the suit. Almazan prevailed on the main issue in the case—the effectiveness of his appeal letter—and the trial court did not abuse its discretion in awarding attorney's fees. Accordingly, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded to the trial court for it to remand the case and order the members of the Commission to conduct a hearing on the remaining issues of Almazan's appeal of his suspension.