The CITY OF LAREDO, Texas; The Laredo Chief of Police, Agustin Dovalina; and Daniel Migura, Edward Sherwood, and Joaquin Romero, Jr., Individually and as Members of the Fire Fighters' and Police Officers' Civil Service Commission of Laredo, Appellants,

v.

Jorge A. ALMAZAN, Appellee.

No. 04–04–00689–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 2005.

Jaime L. Flores, City Atty.–Webb County, Jerry Bruce Cain, Asst. City Atty., Laredo, for appellants.

Albert A. Flores, Law Office of Albert A. Flores, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

The City of Laredo, the Laredo Police Chief, and Daniel Migura, Edward Sherwood, and Joaquin Romero, Jr., individually and as members of the Fire Fighters' and Police Officers' Civil Service Commission of Laredo appeal the trial court's summary judgment in favor of police officer Jorge A. Almazan. We hold the requirement in section 143.052(d) of the Texas Local Government Code that a written statement of suspension advise the suspended officer that he has ten days in which to file an appeal is mandatory but not jurisdictional; and section 143.052(c) requires a department head to cause a copy of the written statement to be personally delivered to the suspended officer, not for the department head to do so personally. We therefore reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Laredo police officer Jorge A. Almazan received notice that he had been indefinitely suspended in a written statement that informed him that chapter 143 of the Texas Local Government Code permitted him to appeal his suspension to the Laredo Fire Fighters' and Police Officers' Civil Service Commission ("the Commission") but failed to inform him that he was required to perfect his appeal within ten days. Despite not having received this notice, Almazan complied with the ten-day deadline, although he "did not, as statutorily required, specifically request a hearing before the Commission." *City of Laredo v. Almazan,* 115 S.W.3d 74, 75 (Tex.App.-San Antonio 2003, no pet.). "Nevertheless, the Commission set a date for a hearing." *Id.* In response to Almazan's appeal letter, the City of Laredo filed a plea to the jurisdiction, arguing the Commission's jurisdiction had not been invoked because Almazan's notice of appeal failed to specifically request a hearing. *Id.* The Commission agreed and dismissed Almazan's appeal. *Id.*

Almazan appealed to the district court, which denied the City's motion for summary judgment "regarding the effectiveness of Almazan's appeal letter," "granted Almazan's summary judgment motion regarding the ineffectiveness of the suspen-

sion letter on the grounds that it failed to give notice, as required by the statute, that Almazan had ten days to file his appeal," and "ordered Almazan's reinstatement with back pay and awarded $5000 in attorney's fees." *Id.* at 76. The City appealed. This Court affirmed the trial court's order insofar as it granted Almazan's motion for summary judgment on the ground that his appeal letter was effective to invoke the Commission's jurisdiction and awarded Almazan his attorney's fees but reversed the trial court's order insofar as it granted Almazan's motion for summary judgment on the ground that the written suspension statement was ineffective because "the Commission did not rule on the effectiveness of the suspension letter...." *Id.* at 78. The cause was remanded to the trial court with instructions to remand the cause to the Commission "to conduct a hearing on the remaining issues of Almazan's appeal of his suspension." *Id.* at 79. On remand, the Commission determined the written suspension statement was effective to invoke its jurisdiction and again upheld Almazan's suspension. Almazan again appealed to the district court, which granted Almazan's motion for summary judgment, reversed the Commission's decision, reinstated Almazan, and awarded Almazan additional attorney's fees. The City has again appealed.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX.R. CIV. P. 166a(c). We view the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *Provident Life,* 128 S.W.3d at 215.

## COMMISSION'S JURISDICTION

■ The City first argues the trial court erred in granting Almazan's motion for summary judgment on the ground that the suspension letter failed to invoke the Commission's jurisdiction by failing to inform Almazan that he had ten days to appeal his suspension. We agree.

Section 143.052 of the Texas Local Government Code sets forth the procedures for disciplinary suspensions. First, the department head "shall, within 120 hours after the hour of suspension, file a written statement with the commission giving the reasons for the suspension" and "immediately deliver a copy of the statement in person to the suspended fire fighter or police officer." TEX. LOC. GOV'T CODE ANN. § 143.052(c) (Vernon 1999). "The written statement ... *must* point out each civil service rule alleged to have been violated ... and *must* describe the alleged acts of the person that the department head contends are in violation of the civil service rules." *Id.* § 143.052(e) (emphasis added). If these requirements are not met, section 143.052(f) expressly provides that "the commission shall promptly reinstate the person." *Id.* § 143.052(f). Additionally, "[t]he copy of the written statement *must* inform the suspended fire fighter or police officer that if the person wants to appeal to the commission, the person must file a written appeal with the commission within 10 days after the date the person receives the copy of the statement." *Id.* § 143.052(d) (emphasis added). However, neither section 143.052 nor any other statute prescribes the consequences for failing to comply with this requirement.

■ Almazan argues section 143.052(d)'s notice requirement is jurisdic-

tional because it states the written statement "must" contain the notice. "When used in a statute, the term 'must' creates or recognizes a condition precedent." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001) (citing TEX. GOV'T CODE ANN. § 311.016(3)). Accordingly, the term "must" is "generally recognized as mandatory, creating a duty or obligation." *Helena Chem. Co.*, 47 S.W.3d at 493. "To determine whether the Legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Id.* at 494. However, "[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional." *Id.* "When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *Id.* In conducting this inquiry, we must remain mindful that " '[t]he classification of a matter as one of [subject-matter] jurisdiction ... opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment.' " *Univ. of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358–59 (Tex.2004) (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000)). Accordingly, we "must ask, in trying to determine legislative intent, whether the Legislature intended" to "deprive[ ] the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *Id.* at 359.

"The Legislature enacted the Civil Service Act for the express purpose of 'secur[ing] efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants.' " *Proctor v. Andrews*, 972 S.W.2d 729, 737 (Tex.1998) (quoting TEX. LOC. GOV'T CODE § 143.001); *see Jones v. Ojeda*, 21 S.W.3d 569, 571 (Tex.App.-San Antonio 2000, pet. denied) ("The Civil Service Act was designed to protect tenured city employees."). In light of the legislative purpose of protecting tenured public servants, the importance of the section 143.052(d) notice requirement cannot be overstated, particularly since the supreme court has held a civil service commission has no jurisdiction to consider an out-of-time appeal. *See City of Temple Firemen's and Policemen's Civil Serv. Comm'n v. Bender*, 787 S.W.2d 951, 953 (Tex.1990) (holding amended notice of appeal filed after the ten-day deadline failed to invoke commission's jurisdiction). Given these considerations, we conclude the section 143.052(d) notice requirement is mandatory. But is it jurisdictional? We conclude it is not for three reasons. First, section 143.052(d)'s statutory predecessor, section 16 of article 1269m, was also phrased in mandatory terms ("shall") but nonetheless construed as non-jurisdictional. *See Vick v. City of Waco*, 614 S.W.2d 861, 862–63 (Tex.Civ.App.-Waco 1981, writ ref'd n.r.e.). Second, the legislature clearly indicated its ability to dictate a noncompliance penalty by providing in subsection (f) that the failure to comply with subsection (e) would result in reinstatement. Finally, and most importantly, to construe the section 143.052(d)'s notice requirement as jurisdictional would be to hold the trial court was without subject matter jurisdiction in every case involving a noncomplying notice—a holding that would render the judgments in all such cases void. We are certain this result would not comport with the legislative intent in enacting the Civil Service Act. We therefore hold section 143.052(d)'s notice requirement is not jurisdictional. Accordingly, the trial court

erred in granting Almazan's motion for summary judgment on this ground.

### DELIVERY OF SUSPENSION LETTER

 The City next argues the trial court erred in granting Almazan's motion for summary judgment on the ground that the written statement failed to invoke the Commission's jurisdiction because a copy was not delivered to Almazan by Chief Dovalina personally. We again agree.

If a police officer is suspended by a department head, "[t]he department head shall immediately deliver a copy of the statement in person to the suspended ... police officer." TEX. LOC. GOV'T CODE ANN. § 143.052(c) (Vernon 1999). However, section 143.052(c) does not require the department head to personally deliver the written statement to the suspended officer; all this section requires is that the department head cause the officer to personally receive a copy of it. *See Walker v. City of Houston*, 466 S.W.2d 607, 609 (Tex.Civ. App.-Houston [14th Dist.] 1971, no writ) (construing section 143.052(c)'s statutory predecessor to require not that department head personally deliver statement but that suspended officer personally receive it). Here, it is undisputed that Chief Dovalina, although he did not personally deliver a copy of the statement to Almazan, caused an internal affairs officer to personally deliver it to Almazan. No more is required.

### CONCLUSION

The requirement in section 143.052(d) that a written statement of suspension must inform the suspended officer that a written appeal must be filed within ten days is mandatory but not jurisdictional; and the requirement in section 143.052(c) that the department head deliver a copy of the statement "in person" to the suspended officer requires only that the depart-

ment head cause a copy of the statement to be personally delivered to the suspended officer. Accordingly, we hold the trial court erred in granting Almazan's motion for summary judgment and therefore reverse its judgment and remand the cause to that court for further proceedings consistent with this opinion. In light of our disposition, we need not reach the City's final issue regarding the award of attorney's fees.