NO. 07-06-0076-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 26, 2007

_____

LAYNE STANFORD, APPELLANT

V.

CITY OF LUBBOCK AND LUBBOCK FIRE FIGHTER AND
POLICE OFFICER CIVIL SERVICE COMMISSION, APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,215; HONORABLE RUBEN REYES, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Layne Stanford, challenges the trial court's summary judgment in favor

of Appellees, City of Lubbock and Lubbock Fire Fighter and Police Civil Service

Commission. Presenting five issues, he questions whether (1) the City, through its Fire

Chief, violated § 143.057(a) of the Texas Local Government Code by failing to notify him

of his right to appeal the promotional bypass to an independent hearing examiner instead of the Commission; (2) the City, through its Fire Chief, violated §§ 143.010(a) and 143.052(d) by failing to provide him written notification of his right to file an appeal with the Commission within ten days after he received notice of the bypass; (3) the Commission violated § 143.056(d) by failing, upon request, to postpone the promotional bypass hearing until a date not more than thirty days after final disposition of the related criminal charges; (4) the decision to bypass him for promotion based solely on a "pending criminal charge," as opposed to a conviction, does not constitutes a "valid reason" for refusing to promote him within the meaning of § 143.036(f); and (5) the trial court erred in failing to award him attorney's fees and costs.

**Background**

In September of 2002, Stanford, a Lubbock Fire Fighter, was ranked highest on the Lubbock Fire Department's eligibility list for promotion. On September 23, 2002, he was arrested and charged with driving while intoxicated and unlawfully carrying a weapon. At the time of his arrest, Stanford refused a breathalyzer test which resulted in the suspension of his driver's license. On November 1, 2002, a fire lieutenant vacancy occurred as a result of a retirement. Fire Chief Steve Hailey met with Stanford on December 3, 2002, to discuss with him the reason he was being bypassed for promotion. Chief Hailey's decision was documented by a memorandum entitled "Promotional Bypass–Non-Disciplinary," in which he explained he had a "valid reason" for bypassing Stanford.

2

Stanford timely appealed the decision to the Commission and requested a postponement pending resolution of the criminal charges. His request for postponement was denied, and on February 26, 2003, the Commission entertained Stanford's appeal of Chief Hailey's decision. Chief Hailey testified that he had a "valid reason" for not promoting Stanford to lieutenant. He testified that a lieutenant is a first line supervisor who is charged with knowing and abiding by rules and he had concerns that with criminal charges pending, Stanford could not effectively act in a supervisory role. He further testified he had a duty to set a positive example for the rest of his work force. Additionally, Stanford's refusal to submit to a breathalyzer test resulted in suspension of his driver's license, which is necessary for driving and operating a fire apparatus. Even though Stanford was issued a temporary permit, that permit expired and his license remained suspended for approximately two and one-half weeks.

Chief Hailey stated that despite Stanford's driver's license suspension and his inability to operate a fire apparatus, no disciplinary action was taken and his salary remained the same. Deputy Chief Cooper likewise testified that Stanford was neither suspended nor demoted, and his salary was unaffected.

Chief Hailey testified that he informed Stanford, as he had others in the past, that he would not initiate disciplinary action based solely on an arrest. It was his course of action to await resolution of criminal charges before considering disciplinary action. He was not, however, comfortable promoting a person with pending criminal charges.

According to Chief Hailey, he complied with § 143.036(f) of the Act by personally discussing with Stanford the valid reason for not promoting him. As required by the statute, he also filed his reason in writing with the Commission. The document contains a "*Receipt of Copy*" bearing Stanford's signature. Deputy Chief Cooper, who was present when Chief Hailey and Stanford met to discuss the promotional bypass, confirmed that Chief Hailey reviewed the document with Stanford.

Following presentation of testimony and arguments, Stanford's attorney requested, but did not demand, that the Commission deliberate in closed session and render their decision in public. After deliberating in closed session, the Commission announced it unanimously agreed that Chief Hailey had a "valid reason" for Stanford's promotional passover and also declared the decision was not disciplinary in nature.

Following the Commission's ruling, Stanford filed suit against Appellees in February 2003, alleging that the Commission's decision in sustaining Fire Chief Hailey's decision was not supported by substantial evidence. Relying on various sections of the Firefighters' and Police Officers' Civil Service Act, Stanford maintained that Appellees' actions were tainted by procedural error. He requested, among other relief, that his promotional bypass be set aside and also sought attorney's fees.

Stanford and Appellees filed competing motions for summary judgment. Without specifying any grounds, the trial court granted summary judgment in favor of Appellees and denied Stanford's requested relief.[1]

## Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Insurance Co. Of N. Am. v. Security Ins.*, 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

---

[1]An appeal of the underlying case was first filed in Cause Number 07-04-0326-CV. This Court, however, determined that Appellees' claim for attorney's fees was unresolved thereby precluding finality for appellate purposes. The appeal was dismissed for want of jurisdiction on November 14, 2005.

When both parties move for summary judgment, each party must conclusively establish it is entitled to judgment as a matter of law, *Guynes v. Galveston*, 861 S.W.2d 861, 862 (Tex. 1993), and neither party can prevail simply by the other party's failure to discharge its burden. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (Tex. 1954). If the trial court grants one summary judgment and denies the other, the appellate court may render the judgment the trial court should have rendered. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).

This appeal involves statutory interpretation of certain sections of the Firefighters' and Police Officers' Civil Service Act.[2] Legislative intent is determined from an entire act[3]

---

[2]Stanford argues that the Legislature intended to allow fire fighters to appeal any promotional bypass to an independent hearing examiner based on "clarifications" to § 143.036(f) which became effective on September 1, 2005; however, the Legislature specifically provided that the changes would apply to promotional bypasses that occur on or after the effective date. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 869, § 6(b), 2005 Tex. Gen. Laws 2948, 2950. We will apply § 143.036(f) as it existed at the time of Stanford's promotional bypass. *See* Act of February 21, 1989, 71st Leg., R.S., ch. 1, § 26(f), 1989 Tex. Gen. Laws 1, 36.

[3]§ 143.010. Commission Appeal Procedure

(a) Except as otherwise provided by this chapter, if a fire fighter or police officer wants to appeal to the commission from an action for which an appeal or review is provided by this chapter, the fire fighter or police officer need only file an appeal with the commission within 10 days after the date the action occurred.

§ 143.036. Procedure for Making Promotional Appointments

(f) Unless the department head has a *valid reason* for not appointing the person, the department head shall appoint the eligible promotional candidate having the highest grade on the eligibility list. If the department head has a

6

and not simply from isolated portions.  *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998),

*citing*, *Acker v. Texas Water Com'n*, 790 S.W.2d 299, 301 (Tex.1990).   Therefore, we

interpret statutes so as to give effect to every section.   Tex. Gov't Code Ann. § 311.021(2)

(Vernon 2005); *Jones*, 969 S.W.2d at 432.

---

*valid reason* for not appointing the eligible promotional candidate having the highest grade, the department head shall personally discuss the reason with the person being bypassed before appointing another person.   The department head shall also file the reason in writing with the commission.   On application of the bypassed eligible promotional candidate, the reason the department head did not appoint that person is subject to review by the commission.  (Emphasis added).

§ 143.052.  Disciplinary Suspensions

(d) The copy of the written statement must inform the suspended fire fighter or police officer that if the person wants to appeal to the commission, the person must file a written appeal with the commission within 10 days after the date the person receives the copy of the statement.

§ 143.056.  Procedures After Felony Indictment or Misdemeanor Complaint

(d) A fire fighter or police officer indicted for a felony or officially charged with the commission of a Class A or B misdemeanor who has also been charged by the department head with civil service violations directly related to the indictment or complaint may delay the civil service hearing for not more than 30 days after the date of the final disposition of the indictment or complaint.

§143.057.  Hearing Examiners

(a) In addition to the other notice requirements prescribed by this chapter, the letter of disciplinary action issued to a fire fighter or police officer must state that in an appeal of . . . *a promotional passover* . . . , the appealing fire fighter or police officer may elect to appeal to an independent third party hearing examiner instead of to the commission.  (Emphasis added).

The statutes pertinent to resolution of this appeal are found in subchapter B, entitled "Classification and Appointment," §§ 143.021 through 143.038, and in subchapter D, entitled "Disciplinary Actions," §§ 143.051 through 143.057. The crux of Stanford's contentions hinges on whether Chief Hailey's decision constituted a disciplinary action which would implicate subchapter D of the Act.

Chief Hailey testified that he proceeded under subchapter B, specifically § 143.036(f), in not appointing Stanford to lieutenant based on a "valid reason." Stanford maintains that Hailey's decision in not promoting him constituted a disciplinary action under subchapter D. We disagree.

Disciplinary actions are governed by subchapter D and although § 143.057(a) includes the phrase "promotional passover," it has an additional element of a "letter of disciplinary action." Chief Hailey was unequivocal in his testimony that no disciplinary action was taken against Stanford and that his salary remained the same. Specifically, Chief Hailey did not issue Stanford a letter of disciplinary action. Moreover, Chief Hailey complied with the requirements of § 143.036(f) by personally discussing the matter with Stanford and filing his written reasons with the Commission.[4] The manner in which the

---

[4]*See Windham v. City of DeSoto*, No. 05-99-00805-CV, 2000 WL 1006968, at *2 (Tex.App.–Dallas July 21, 2000, pet. denied) (not designated for publication); *Olson v. City of Killeen*, No. 03-97-00166-CV, 1997 WL 531126, at * 2 (Tex.App.–Austin Aug. 28, 1997, writ denied) (not designated for publication)

Legislature organized the statutes contemplates that a promotional passover need not necessarily be disciplinary in nature.

Having determined the intent of the relevant statutes, we answer Stanford's first three issues as follows:

(1)     Chief Hailey did not violate § 143.057(a) by failing to notify Stanford of the right to appeal to an independent hearing examiner because such right is not implicated in a promotional bypass that is not disciplinary in nature.

(2)     Chief Hailey did not violate §§ 143.010(a) and 143.052(d) by failing to provide Stanford written notification of the right to appeal his decision to the Commission within ten days. Section 143.010(a) does not impose a duty to notify a fire fighter or police officer of the right to file an appeal to the Commission. Moreover, § 143.052(d) applies only in the case of a disciplinary suspension.

(3)     The Commission did not violate § 143.056(d) by failing to postpone the Commissioner's hearing. The statute applies when a fire fighter or police officer has been charged with a Class A or B misdemeanor and *has also been charged . . . with civil service violations directly related to the indictment . . . .* Chief Hailey was very specific in his testimony that it is his practice to not take "any disciplinary action whatsoever" until criminal charges are resolved. Furthermore, there is nothing in the record to indicate that Stanford was charged with civil service violations. (Emphasis added).

We have not overlooked Stanford's reliance on numerous cases involving police officers or fire fighters.[5] A review of those cases, however, demonstrates that in each case

---

[5]*City of Temple Firemen's and Policemen's Civil Service Com'n v. Bender*, 787 S.W.2d 951 (Tex. 1990); *City of Laredo v. Almazan*, 179 S.W.3d 132 (Tex.App.–San Antonio 2005, no pet.); *City of Amarillo v. Fenwick*, 19 S.W.3d 499 (Tex.App.–Amarillo 2000, no pet.); and *City of Carrollton v. Popescu*, 806 S.W.2d 268 (Tex.App.–Dallas 1991, no writ).

the police officer or fire fighter in question was suspended. A suspension triggers application of a disciplinary action under subchapter D. Deputy Chief Cooper testified that Stanford was not suspended or demoted. We conclude that the cases relied on by Stanford are distinguishable and decline to apply them to the circumstances of the underlying case. Issues one, two, and three are overruled.

By his fourth issue, Stanford questions whether criminal charges, as opposed to a conviction, constitute a "valid reason" for denial of a promotion. The Act does not define the phrase nor have we found a case interpreting the phrase.[6] Words not defined in a statute are given their plain meaning, read in context, and construed according to the rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005). *See also Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). "Valid" is defined as having legal efficacy or force; well-grounded or justifiable. *Merriam-Webster's Collegiate Dictionary* 1381 (11th ed. 2003). The noun "reason" is a statement offered in explanation or justification; a rationale ground or motive. *Id*. at 1037.

By his written explanation filed with the Commission, Chief Hailey recited that, pursuant to § 143.036(f), Stanford was not promoted "based on the 'valid reason' being

---

[6]*See generally City of Sherman v. Henry*, 928 S.W.2d 464, 465-66 (Tex. 1996) (police officer was passed over for promotion despite being first on list of eligible candidates based on police chief's "valid reason" that officer's affair with the wife of a fellow officer would adversely affect the department and promotion of the officer would have a detrimental impact on morale and ability to perform the job. On appeal, however, the Commission's fact findings were not challenged; the issue for review was whether the "valid reason" violated the officer's constitutional rights).

that he currently has charges pending against him." This statement does not, however, render the action taken a disciplinary action where, as here, a valid reason can arise from the non-criminal consequences of the conduct associated with the pending criminal charges, *e.g.* lack of an appropriate example to subordinates, inability to command the respect and discipline of supervised personnel, and being unqualified to operate the necessary fire apparatus.[7] The explanation continued:

> I have very serious concerns about promoting an individual to the rank of Lieutenant, which is a supervisory position, when that person currently has charges pending against him. Also to be considered is the fact that [Stanford] chose not to comply with a state law, by refusing to take a breathalyzer test, which resulted in his driver's license being suspended. As a Lieutenant, [Stanford] would be expected to know, follow and enforce our Rules and Regulations. . . .

Chief Hailey's testimony before the Commission supports his written reason for not promoting Stanford. We are satisfied that Chief Hailey provided a "valid reason" for not promoting Stanford to the rank of lieutenant.

Two of the grounds raised by Appellees in their motion for summary judgment were that Chief Hailey's decision was supported by substantial evidence and that he complied with the requirements of § 143.036(f). We conclude the summary judgment evidence supports the grounds relied upon by Appellees and that they have established entitlement

---

[7]*See* Tex. Transp. Code Ann. §§ 724.011, 724.012, and 724.013 (Vernon 1999 and Supp. 2006).

11

to judgment as a matter of law.  Thus, the trial court correctly granted summary judgment in their favor and did not err in denying Stanford's motion.  Issue four is overruled.

By his final issue, Stanford alleges error by the trial court in failing to award him attorney's fees.  We disagree.  Section 143.015(c) of the Act provides that the trial court may award reasonable attorney's fees to the prevailing party.  Stanford, having failed to establish his entitlement to judgment as a matter of law, was not entitled to attorney's fees. Issue five is overruled.

Having overruled all of Stanford's issues, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

12